# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHARLES DAVID KING, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO.: 7:15-cv-00212 |
| | ) |
| **BLACKPOWDER PRODUCTS, INC.,** | ) |
| (d/b/a "CVA" and/or "Connecticut | ) |
| Valley Arms"), | ) |
| | ) |
| and | ) |
| | ) |
| **DIKAR S. COOP., LTDA.,** | ) |
| | ) |
| and | ) |
| | ) **ANSWER OF BLACKPOWDER** |
| **WAL-MART STORES EAST, LP,** | ) **PRODUCTS, INC.** |
| | ) |
| and | ) |
| | ) |
| **CONNECTICUT VALLEY** | ) |
| **ARMS, INC.,** | ) |
| | ) |
| and | ) |
| | ) |
| **D.C. 1980, INC.,** (d/b/a "CVA" and/or | ) |
| "Connecticut Valley Arms"), | ) |
| | ) |
| and | ) |
| | ) |
| **SPORTS SOUTH, LLC,** previously | ) |
| known as and successor in interest | ) |
| to Sports South, Inc., | ) |
| | ) |
| and | ) |
| | ) |
| **SPORTS SOUTH, INC.,** presently | ) |
| known as and predecessor in interest | ) |
| to Sports South LLC, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO DISMISS OF
## BLACKPOWDER PRODUCTS, INC.

COMES NOW Blackpowder Products, Inc., ("BPI"), named as Defendant in the above-styled matter, and through its undersigned counsel, and files this its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support thereof, states as follows:

1. The allegations in Plaintiff's Complaint fail to state a claim for punitive damages under Virginia law.

2. In Virginia, exemplary damages are generally not favored and should be awarded only in cases involving the most egregious conduct. Xspedius Management Co. v. Stephan, 269 Va. 421, 611 S.E.2d 385 (2005). The purpose of exemplary damages is not so much to compensate the plaintiff but to punish the wrongdoer and to warn others. Id. at 425, 387. The Virginia Supreme Court has repeated emphasized that "punitive or exemplary damages are allowable only when there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the right of others." Id. (citing Giant of Virginia, Inc. v. Pigg, 207 Va. 679, 152 S.E.2d 271 (1967).

3. Punitive damages do not arise from ordinary negligence. Wallen v. Allen, 231 Va. 289, 297, 343 S.E.2d 73, 78 (1986). They may be recovered only in cases where a tort has been committed under certain aggravating circumstances. Their primary purpose is to warn others and punish the wrongdoer "if he has acted wantonly, oppressively, or with such malice as to evince a spirit of malice or criminal indifference to civil obligations." Giant of Virginia, Inc. at 685-86, 152 S.E.2d at 277. (citations omitted).

4. Thus, a claim for punitive damages and/or double damages depends on proof – or, at the motion to dismiss stage, on the existence of factual allegations – that the defendant engaged in willful or wanton conduct. "Willful or wanton conduct imports *knowledge and*

*consciousness that injury will result* from the act done." Giant of Virginia, Inc. v. Pigg at 685-86, 152 S.E.2d at 277. Specifically, "[w]illful and wanton negligence is defined as "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, *with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another*." Id. (emphasis added).

5.    The Supreme Court of Virginia clarified the standards under which exemplary damages can be obtained in Green v. Ingram, 269 Va. 281, 608 S.E.2d 917 (2005). In Green, a wrongful death action, the plaintiff's decedent was shot and killed by fragments from a frangible round shot at and through a door when police officers sought to gain entrance to a home to execute a search warrant. The Court discussed the difference between the standard for gross negligence, and the standard for willful and wanton negligence sufficient to support a claim for punitive and double damages. Gross negligence, the Court explained, is "that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of [another]. It must be such a degree of negligence as would shock fair minded [people] although something less than willful recklessness." Id. at 290-91.

The Court emphasized that gross negligence is not equivalent to willful and wanton negligence:

> A claim for punitive damages at common law in a personal injury action must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton. <u>Willful and wanton negligence is action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another</u>. Each case raising an issue concerning the sufficiency of a claim of willful and wanton negligence must be evaluated on its own facts.

Id. at 291-92 (citing Woods v. Mendez, 265 Va. 68, 76-77, 574 S.E.2d 263, 268 (2003) (emphasis added) (internal citations omitted). The Court further explained that the "difference between ordinary negligence and gross negligence is one of degree; however, the difference between any form of negligence and causes of action for willful and wanton conduct, reckless conduct, or intentional misconduct is a matter of kind." Id. (citing Infant C. v. Boy Scouts of America, Inc., 239 Va. 572, 582, 391 S.E.2d 322, 327 (1990). "Negligence conveys the idea of heedlessness, inattention, inadvertence; willfulness and wantonness convey the idea of purpose or design, actual or constructive." Id. (citing Boward v. Leftwich, 197 Va. 227, 231, 89 S.E.2d 32, 35 (1955). In ultimately concluding that the evidence in Green could have supported a finding of gross negligence, but not willful and wanton conduct, the Court stated that a plaintiff's "proof requires evidence of actual or constructive consciousness that injury will result from the act done or omitted." Id. at 292.

      6.     Here, Plaintiff has failed to state specific facts in his Complaint that rise to the level of willful and wanton conduct, and has made only conclusory allegations. Specifically, the allegations do not suggest that BPI ever acted knowing that its actions would harm Plaintiff. Thus, Plaintiff's allegations are insufficient as a matter of law to support a claim for punitive damages.

          WHEREFORE, Blackpowder Products, Inc., moves this Court for entry of an Order dismissing Plaintiff's claim for punitive damage.

## PLEA OF THE STATUTE OF LIMITATIONS OF BLACKPOWDER PRODUCTS, INC.

COMES NOW Blackpowder Products, Inc., ("BPI"), named as Defendant in the above-styled matter, and through its undersigned counsel files this plea of the statute of limitations, as follows:

1. The Complaint is also time-barred by Section 8.2-725 of the Code of Virginia because the Complaint states that tender of delivery of the rifle was made in October 2001 and the original Complaint was not filed until October 24, 20102.

2. Accordingly, Plaintiff's cause of action is barred by the applicable statute of limitations.

3. Additionally, to the extent that service on this Defendant and the filing of this Complaint are untimely and outside the applicable statute of limitations, Plaintiff's Complaint should be dismissed.

## ANSWER OF BLACKPOWDER PRODUCTS, INC.

COMES NOW Blackpowder Products, Inc., ("BPI"), named as Defendant in the above-styled matter, and through its undersigned counsel hereby responds to Plaintiff's Complaint within the time allowed by law, as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted.

### SECOND DEFENSE

Responding to the specific allegations of Plaintiff's Complaint, this Defendant states as follows:

## **COMPLAINT**

1. In response to Paragraph 1 of Plaintiff's Complaint, this Defendant states that no response is required as the paragraph does not allege any fact against this Defendant to be either admitted or denied. In further response, however, and to the extent Plaintiff attempts to allege or imply any liability against this Defendant by said paragraph, and/or attempts by the paragraph to include causes of action that are not properly and specifically pled within the applicable statute of limitations, same is denied.

2. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the matters asserted in Paragraph 2 of Plaintiff's Complaint, and therefore can neither admit nor deny same.

3. The allegations of Paragraph 3 of Plaintiff's Complaint are denied as pled. In further response, however, this Defendant admits that BPI is a Georgia corporation with its principal place of business in Duluth, Gwinnett County, Georgia.

4. The allegations of Paragraph 4 of Plaintiff's Complaint are denied as pled.

5. The allegations of Paragraph 5 of Plaintiff's Complaint are denied as pled.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant shows that it is not an allegation of fact requiring a response by this Defendant. In further response, if any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted, and therefore can neither admit nor deny same.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendant shows that it is not an allegation of fact requiring a response by this Defendant. In further response, if any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted, and therefore can neither admit nor deny same.

8. The allegations of Paragraph 8 of Plaintiff's Complaint are denied as pled. In further response, Defendant does admit that Dikar S. Coop is a cooperative in the country of Spain, located in Bergara, Spain.

9. The allegations of Paragraph 9 of Plaintiff's Complaint are denied as pled. In further response, this Defendant generally admits that Dikar is in the business of designing and manufacturing muzzleloading firearms.

10. Initially in response to Paragraph 10 of Plaintiff's Complaint, the paragraph is denied as pled. In further response, this Defendant admits that it imported and distributed a "Connecticut Valley Arms Staghorn" .50-caliber muzzleloader, and if the subject gun bore Serial Number 61-13-070684-01, the subject gun, and further that the Staghorn was designed and manufactured by Dikar. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted, and therefore can neither admit nor deny same.

11. The allegations of Paragraph 11 of Plaintiff's Complaint are denied.

12. The allegations of Paragraph 12 of Plaintiff's Complaint are denied as pled concerning the use of the muzzleloader. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted concerning Plaintiff's injuries, and therefore can neither admit nor deny same.

13. The allegations of Paragraph 13 of Plaintiff's Complaint are denied.

## COUNT I

14. In response to Paragraph 14 of Plaintiff's Complaint, this Defendant realleges and incorporates by reference herein each and every other response to all of the numbered paragraphs of Plaintiff's Complaint, as if fully set forth herein, as well as all of the defenses set forth herein.

15. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the matters asserted in Paragraph 15 of Plaintiff's Complaint, and therefore can neither admit nor deny same.

16. The allegations of Paragraph 16 of Plaintiff's Complaint are denied.

17. The allegations of Paragraph 17 of Plaintiff's Complaint are denied as pled.

18. The allegations of Paragraph 18 of Plaintiff's Complaint are denied as pled.

19. The allegations of Paragraph 19 of Plaintiff's Complaint are denied as pled.

20. The allegations of Paragraph 20 of Plaintiff's Complaint are denied.

21. The allegations of Paragraph 21 of Plaintiff's Complaint are denied.

22. The allegations of Paragraph 22 of Plaintiff's Complaint are denied, including all subparts.

23. The allegations of Paragraph 23 of Plaintiff's Complaint are denied.

## COUNT II

24. In response to Paragraph 24 of Plaintiff's Complaint, this Defendant realleges and incorporates by reference herein each and every other response to all of the numbered paragraphs of Plaintiff's Complaint, as if fully set forth herein, as well as all of the affirmative defenses set forth herein.

25. The allegations of Paragraph 25 of Plaintiff's Complaint are denied as pled.

26. The allegations of Paragraph 26 of Plaintiff's Complaint are denied.

27. The allegations of Paragraph 27 of Plaintiff's Complaint are denied.

## COUNT III

28. In response to Paragraph 28 of Plaintiff's Complaint, this Defendant realleges and incorporates by reference herein each and every other response to all of the numbered paragraphs

of Plaintiff's Complaint, as if fully set forth herein, as well as all of the affirmative defenses set forth herein.

29. The allegations of Paragraph 29 of Plaintiff's Complaint are denied as pled.

30. This Defendant is without information or knowledge sufficient to form a belief as to the truth of the matters asserted in Paragraph 30 of Plaintiff's Complaint, and therefore can neither admit nor deny same.

31. The allegations of Paragraph 31 of Plaintiff's Complaint are denied.

32. The allegations of Paragraph 32 of Plaintiff's Complaint are denied.

## COUNT IV

33. In response to Paragraph 33 of Plaintiff's Complaint, this Defendant realleges and incorporates by reference herein each and every other response to all of the numbered paragraphs of Plaintiff's Complaint, as if fully set forth herein, as well as all of the affirmative defenses set forth herein.

34. The allegations of Paragraph 34 of Plaintiff's Complaint are denied as pled.

35. The allegations of Paragraph 35 of Plaintiff's Complaint are denied. In further response, this Defendant states that the rifle was of good and merchantable quality and fit and safe for its ordinary and intended use at the time it left this Defendant's possession.

36. The allegations of Paragraph 36 of Plaintiff's Complaint are denied.

## COUNT V

37. In response to Paragraph 37 of Plaintiff's Complaint, this Defendant realleges and incorporates by reference herein each and every other response to all of the numbered paragraphs of Plaintiff's Complaint, as if fully set forth herein, as well as all of the affirmative defenses set forth herein.

38. The allegations of Paragraph 38 of Plaintiff's Complaint are denied as pled.

39. The allegations of Paragraph 39 of Plaintiff's Complaint are denied.

40. The allegations of Paragraph 40 of Plaintiff's Complaint are denied.

## COUNT VI.

41. In response to Paragraph 41 of Plaintiff's Complaint, this Defendant realleges and incorporates by reference herein each and every other response to all of the numbered paragraphs of Plaintiff's Complaint, as if fully set forth herein, as well as all of the affirmative defenses set forth herein.

42. The allegations of Paragraph 42 of Plaintiff's Complaint are denied.

43. The allegations of Paragraph 43 of Plaintiff's Complaint are denied.

44. The allegations of Paragraph 44 of Plaintiff's Complaint are denied.

## COUNT VII

45. In response to Paragraph 45 of Plaintiff's Complaint, this Defendant realleges and incorporates by reference herein each and every other response to all of the numbered paragraphs of Plaintiff's Complaint, as if fully set forth herein, as well as all of the affirmative defenses set forth herein.

46. The allegations of Paragraph 46 of Plaintiff's Complaint are denied as pled.

47. The allegations of Paragraph 47 of Plaintiff's Complaint are denied.

48. The allegations of Paragraph 48 of Plaintiff's Complaint are denied.

49. The allegations of Paragraph 49 of Plaintiff's Complaint are denied.

50. The allegations of Paragraph 50 of Plaintiff's Complaint are denied.

51. The allegations of Paragraph 51 of Plaintiff's Complaint are denied.

52. The allegations of Paragraph 52 of Plaintiff's Complaint are denied.

## COUNT VIII

53.     In response to Paragraph 53 of Plaintiff's Complaint, this Defendant realleges and incorporates by reference herein each and every other response to all of the numbered paragraphs of Plaintiff's Complaint, as if fully set forth herein, as well as all of the affirmative defenses set forth herein.

54.     The allegations of Paragraph 54 of Plaintiff's Complaint are denied.

## COUNT IX

55.     In response to Paragraph 55 of Plaintiff's Complaint, this Defendant realleges and incorporates by reference herein each and every other response to all of the numbered paragraphs of Plaintiff's Complaint, as if fully set forth herein, as well as all of the affirmative defenses set forth herein.

56.     The allegations of Paragraph 56 of Plaintiff's Complaint are denied.

57.     The allegations of Paragraph 57 of Plaintiff's Complaint are denied.

58.     All allegations not expressly admitted herein are denied.

59.     BPI demands a trial by jury.

## THIRD DEFENSE

The evidence may show that the Plaintiff assumed the risk of injury or damage sustained in the incident, and if such assumption of the risk is proven, then the Plaintiff cannot recover any sum whatsoever from this Defendant.

## FOURTH DEFENSE

The evidence may show that the Plaintiff misused the product, which was a proximate cause of any injury or damage sustained by Plaintiff, and if such misuse is proven, then the Plaintiff cannot recover any sum whatsoever from this Defendant.

**FIFTH DEFENSE**

This Defendant denies any defect in the product, or that any alleged defect was a proximate cause of any injury or damage sustained by Plaintiff.

**SIXTH DEFENSE**

Plaintiff was properly warned in the use of the muzzleloader allegedly being used at the time of the accident, and Plaintiff failed to follow instructions, warnings, and/or directions provided in connection with the muzzleloader.

**SEVENTH DEFENSE**

While denying negligence and/or liability in any respect, and pleading alternatively, this Defendant states that the evidence may show that the Plaintiff committed contributory negligence which was a proximate cause of his injuries and damages, and if proven, Plaintiff's contributory negligence will bar any recovery by the Plaintiff.

**EIGHTH DEFENSE**

Though denying any negligence and/or liability in any respect, Plaintiff's injuries and damages may have been caused by the acts or omissions of other third parties or non-parties over whom this Defendant did not have control and who are not parties to this lawsuit. This Defendant is entitled to an apportionment of damages in relation to the degree of fault of all parties/persons. This Defendant hereby notices its intent to reflect the inclusion on the Verdict Form of all such persons or entities.

**NINTH DEFENSE**

This Defendant denies any misrepresentations related to the product, or that any alleged misrepresentation was a proximate cause of any injury or damage sustained by Plaintiff.

**TENTH DEFENSE**

To the extent the Complaint alleges claims based on an alleged breach of warranty, Plaintiff's right to recovery, if any, is limited to or precluded by the warranty provisions.

## ELEVENTH DEFENSE

The evidence may show that Plaintiff and/or his counsel negligently or intentionally spoiled material evidence and failed to take protective measures to maintain evidence in his possession and control that a reasonable person in Plaintiff's position would have foreseen to take, leading to the spoliation of material evidence that prejudiced this Defendant. If the evidence should support the defense of spoliation, then this Defendant may therefore be entitled to all appropriate sanctions, including, but not limited to, striking the pleadings or dismissing the claim as a result of spoliation.

## TWELFTH DEFENSE

For a twelfth separate and distinct defense, Plaintiff's Complaint may be barred by the applicable statute of repose.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant BPI prays that same be dismissed, that judgment be entered in favor of this Defendant and against Plaintiff, for all costs to be assessed against Plaintiff, for a jury trial on all triable issues, that the Court immediately strike Plaintiff's claim for punitive damages, and for such other and further relief as the Court deems necessary, just and proper.

BLACKPOWDER PRODUCTS, INC.

  /s/ Walter H. Peake, III

Walter H. Peake, III (VSB No. 26379)
Julie V. Andrews, Esquire (VSB No. 82767)
FRITH, ANDERSON & PEAKE, P.C.
29 Franklin Rd., S.W.
Roanoke, VA 24011
Phone: (540) 725-3362
Fax: (540) 7729167
E-mail: wpeake@faplawfirm.com
E-mail: jandrews@faplawfirm.com
*Attorney for Defendant Blackpowder Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th of May, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Timothy E. Kirtner
Virginia Bar No. 36938
GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON
P.O. Box 878
Pulaski, VA 24301
Phone:  (540) 980-1360
Fax:  (540) 980-5264
Email: tkirtner@gsish.com
*Counsel for Plaintiff*


J. Rudy Austin
Virginia Bar No. 3312
GENTRY LOCKE, P.C.
900 SunTrust Plaza
P.O. Box 40013
Roanoke, VA 24022
Phone: (540) 983-9300
Fax: (540) 983-9400
E-mail: austin@gentrylocke.com
*Counsel for Wal-Mart Stores East, LP*

           /s/ Walter H. Peake, III
             Of Counsel