CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

MAY 0 7 2015

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **Charles David King, Jr.** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00212 |
| | ) | State Court No. CL14-127 |
| v. | ) | |
| | ) | **O R D E R** |
| **Blackpowder Products, Inc., et al,** | ) | |
| | ) | 5–06–15 |
| Defendants. | ) | |

This case having been removed from your Court to the United States District

Court for the Western District of Virginia at Roanoke, and this Court finding it

necessary to do so, it is this day

## REQUESTED

that the original case file in your Court be forwarded to the Clerk of this Court at

210 Franklin Road, Suite 540, Roanoke, VA 24011, said removal and transmittal

of the file being in accordance with the law for these cases made and provided.

The Clerk is directed to send a certified copy of this Order to the Clerk of the

Carroll County Circuit Court.

ENTER: May 6, 2015

_____

Chief United States District Judge

A TRUE COPY, TESTE:
JULIA C. DUDLEY, CLERK
BY: _____ DEPUTY CLERK

RECEIVED AND FILED IN THE
CARROLL COUNTY CIRCUIT COURT
ON MAY 12, 2015.

A TRUE COPY

By _____ Deputy Clerk
Carroll County Circuit Court

BOOK 095 PAGE 126

# VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF CARROLL

**CHARLES DAVID KING, JR.,**

    **Plaintiff**

**v.**                             **Case No._____**

**BLACKPOWDER PRODUCTS, INC.,
(d/b/a "CVA" and/or "Connecticut
Valley Arms")**

**and**

**DIKAR S. COOP., LTDA.**

**and**

**WAL-MART STORES EAST, LP**

**and**

**CONNECTICUT VALLEY ARMS, INC.**

**and**

**D.C. 1980, Inc., (d/b/a "CVA" and/or
"Connecticut Valley Arms")**

**and**

**SPORTS SOUTH, LLC, previously known
as and successor in interest to Sports South,
Inc.,**

**and**

**SPORTS SOUTH, INC., presently known
as and predecessor in interest to Sports
South, LLC**

    **Defendants.**

VALIDATE CASE PAPERS
:RCPT : 14000003513
:DATE : 04/23/14 TIME: 15:50
:CASE : 035CL14000127-00
:ACCT : KING, CHARLES DAVID,
:AMT. :        $344.00

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

## COMPLAINT

**COMES NOW** the Plaintiff, Charles David King, Jr., (hereinafter "Plaintiff"), by counsel, and for his complaint against the Defendants, individually, and jointly and severally, states as follows:

1. This Complaint was originally filed in the Carroll County Circuit Court on October 24, 2012. Plaintiff filed a Motion for Nonsuit on October 24, 2013, and a voluntary nonsuit was granted on October 28, 2013.

2. Your Plaintiff is, and was at all times relevant hereto, a resident of the County of Carroll, Commonwealth of Virginia.

3. Defendant, Blackpowder Products, Inc. (hereinafter "Blackpowder"), is a Georgia corporation that does not maintain a registered agent in Virginia, and is not authorized to transact business in the Commonwealth of Virginia. Blackpowder's corporate headquarters is in Duluth, Georgia. Upon information and belief, Blackpowder is a successor corporation to Connecticut Valley Arms and/or D. C. 1980, Inc.

4. Defendant, Connecticut Valley Arms, Inc. (hereinafter "CVA"), is a Georgia corporation that does not maintain a registered agent in Virginia, and is not authorized to transact business in the Commonwealth of Virginia. CVA's corporate headquarters is in Duluth, Georgia. Upon information and belief, CVA is a predecessor and/or sister and/or subsidiary corporation to Blackpowder.

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

5.  Defendant, D. C. 1980, Inc. (hereinafter "D. C. 1980"), is a Georgia corporation that does not maintain a registered agent in Virginia, and is not authorized to transact business in the Commonwealth of Virginia. D. C. 1980's corporate headquarters is in Dunwoody, Georgia. Upon information and belief, D. C. 1980 is a predecessor and/or sister and/or subsidiary corporation to Blackpowder.

6.  Defendant, Wal-Mart Stores East, LP (hereinafter "Wal-Mart"), is a Delaware limited partnership, having its headquarters in Bentonville, Arkansas. Wal-Mart is authorized to transact business in the Commonwealth of Virginia, and maintains a registered agent in Virginia.

7.  Sports South, Inc., and Sports South, LLC (collectively referred to as "Sports South") are entities organized and existing under the laws of the State of Louisiana and having their corporate headquarters in Shreveport, Louisiana. Sports South does not have a registered agent in Virginia, and is not authorized to transact business in Virginia.

8.  Defendant, Dikar S. COOP., LTDA. (hereinafter "Dikar"), is a Spanish corporation that does not maintain a registered agent in Virginia, and is not authorized to transact business in the Commonwealth of Virginia. Dikar's corporate headquarters is in Bergara, Gipuzkoa, Spain.

9.  Dikar is in the business of manufacturing guns, including specifically blackpowder muzzleloading rifles, for distribution and ultimate retail sale in the United States. Dikar has exclusively distributed its guns in the

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

United States through Defendants D. C. 1980, CVA, and Blackpowder. Wal-Mart Stores East, LP, operates retail stores throughout the United States, including stores in the Commonwealth of Virginia, and among the products offered for retail sale to the public are and have been, blackpowder muzzleloading rifles manufactured by Dikar and distributed through D. C. 1980, CVA, and Blackpowder. Dikar knows, and intends, when it delivers its firearms to the other Defendants for distribution that the firearms will be placed into the stream of commerce and sold throughout the United States, including the Commonwealth of Virginia.

10.     On or about October 2001, Plaintiff purchased a "Connecticut Valley Arms Staghorn" (the "rifle") 50 caliber muzzleloader from a Wal-Mart Store in Galax, Virginia. The rifle was manufactured by Dikar and distributed in the United States by Blackpowder, CVA and/or D. C. 1980 to Sports South, who, in turn, sold/distributed the rifle to Wal-Mart. The rifle was marketed under the Connecticut Valley Arms brand name, and bore the serial number 61-13-070684-01. By distributing the rifle for sale and selling the rifle in the Commonwealth of Virginia, Defendants, and each of them, did "transact business" in the Commonwealth of Virginia within the meaning of §8.01-328.1(A)(1) of *The Code of Virginia*, and "supply things" within the meaning of §8.01-378(1)(A)(2). In addition to the sale of the rifle, Defendants regularly transacted business within the Commonwealth of Virginia through the sale of thousands of firearms and other retail products

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

each year. They are thus subject to this Court's jurisdiction pursuant to §s8.01-328.1(A)(1, 2, and 4) of *The Code of Virginia.*

11.     The rifle barrel bore a proof stamp from the House of Eibar, a proof testing laboratory in Spain. The application of this proof stamp was intended to represent to ultimate purchasers, including your Plaintiff, of the rifle that the rifle barrel had been proof tested by the House of Eibar, and was further intended to represent that the barrel had a sufficient metallurgical structure, composition and makeup, as well as a proper design, to safely withstand the forces generated by the discharge of the rifle. Upon information and belief, although the rifle barrel bore a proof stamp from the House of Eibar, the barrel itself was never proof tested by the House of Eibar or any other proof testing laboratory.

12.     On October 28, 2010, Plaintiff loaded the rifle, in a manner consistent with the instructions provided with the rifle, and attempted to fire the rifle. Upon pulling the trigger to discharge the rifle, the rifle barrel ripped apart near where Plaintiff's left hand was holding the rifle. As a result of the barrel of the rifle exploding and violently ripping apart, Plaintiff suffered devastating injuries to his left hand. The severity of the injuries was such that Plaintiff lost his thumb and index finger on his left hand. Plaintiff has been permanently deformed and disfigured. He has suffered severe pain, emotional anguish, embarrassment, and has been required to undergo extensive medical care and treatment. He was, for a time, prevented from

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

engaging in his normal occupation and, as a result thereof, suffered a loss of income.

13.    The rifle, and specifically the barrel of the rifle, manufactured by Dikar and distributed by Blackpowder, CVA, and D. C. 1980, and Sports South, and sold by Wal-Mart, was defective in its design, testing and manufacture. The defects in the rifle included, but were not limited to, the barrel of the gun, in its structural and metallurgical composition, not being designed to withstand forces normally generated by the discharge of a 50 caliber muzzleloading rifle; the barrel not being properly manufactured to withstand those forces; the barrel of the rifle being manufactured from substandard metal; the barrel of the rifle having defects caused by the design and manufacture of the rifle; and the firing mechanism of the rifle being defectively designed and manufactured.

## COUNT I

14.    Plaintiff realleges and repleads all those allegations contained and set forth in paragraphs 1 through 12 above with the same force and effect as though they were herein fully and specifically set forth in detail.

15.    Defendants expected the subject rifle to reach consumers or users in the condition in which it was at the time of sale.

16.    Said rifle was in a defective condition and unreasonably and inherently dangerous when it left the hands of each of the Defendants in that said rifle was inadequately designed, constructed, assembled, manufactured, tested

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

and inspected, such that the rifle would not function in a proper and safe manner, thereby posing a danger to its users.

17. At the time of all the events recited herein, it was the duty of each of the Defendants, and the duty of their agents, servants, employees and/or representatives, to use ordinary care, caution, diligence and safety in the design, composition, construction, assembly, manufacture, testing, distribution, marketing, maintenance, and/or sale of the rifle in a manner which would render it safe for its intended and foreseeable uses and to be free of defects in materials and workmanship.

18. It was further the duty of the Defendants to make such reasonable inspections and testings of the rifle after its design, manufacture and assembly, but before its delivery for ultimate sale to the consuming public, so as to reasonably ascertain that it was safe and proper for the use and operation contemplated and intended therefor. It was especially the duty of the Defendants to make such reasonable testing as to ascertain or discover any defects therein, including, but not limited to, all components, parts and assemblies thereof.

19. Plaintiff had a right to and reasonably did place his reliance upon the proper performance of the aforesaid duties by the Defendants.

20. Notwithstanding these duties, Defendants did carelessly and negligently design, construct, assemble, compose, manufacture, test, distribute, market, maintain and/or sell the rifle so as to render it defective, dysfunctional, and

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

unsafe for its intended foreseeable use and dangerous to its user, and further the rifle was defective in materials and workmanship. The rifle was unreasonably dangerous for use by Plaintiff, who was unaware of the dangers, hazards, and perils of the rifle.

21. Defendants, through their agents, servants, employees and/or representatives, were otherwise negligent in the design, construction, assembly, manufacture, testing, marketing, distribution, delivery, inspection, and/or sale of the rifle, which was defective and not reasonably safe for its intended and foreseeable use and greatly endangered its user.

22. As a direct and proximate result of the Defendants' breaches of duties to Plaintiff, as aforesaid, Plaintiff sustained serious, grievous, violent, and permanent injuries and damages, to-wit:

  a. He sustained devastating injuries to his left hand and, specifically, to his left thumb and index finger, resulting in the index finger and thumb being amputated completely, rendering his left hand of minimal use and causing him grievous pain and suffering and great inconvenience, embarrassment, humiliation, disfigurement, deformity, and other bodily dysfunctions in the past and for his reasonably expected future life;

  b. He suffered severe psychological injuries and much mental anguish in the past and can be reasonably expected to have to endure those psychological injuries and mental anguish for the rest of his life;

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

c.    He has, on account of these injuries, been required to undergo hospital care, including surgical procedures, medical care, physical therapy, and medication therapy, and it is reasonably expected he will have to continue with such in the future, all at great expenditure of funds, financial hardship, much inconvenience, and further pain and suffering in the days and years ahead;

d.    He has suffered a substantial monetary loss and other financial impairment because these injuries rendered him unable for a period of time to earn a livelihood, and have diminished his capacity to be gainfully employed, both in the past and in the future;

e.    He has been forced to curtail and/or restrict his physical, recreational, and social activities and pursuits because of his injuries, and has been required to alter his lifestyle, reducing his enjoyment of life, which has been substantially diminished as a result of the injuries; and

f.    He has otherwise been permanently injured, wounded, disabled and damaged because of Defendants' negligence, as aforesaid.

23.    As a direct and proximate result of the defective and unreasonably dangerous condition of the rifle which the Defendants designed and manufactured and distributed for ultimate sale for use by Plaintiff, and as a direct and proximate result of the negligence on the part of all the

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Defendants, Plaintiff has been substantially and permanently wronged, injured, and damaged.

## COUNT II

24. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 22 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

25. Defendants, at all times herein described, acting through their agents, servants, employees and/or representatives, through the documentation provided with the rifle, and through the proof stamping affixed to the rifle, and otherwise expressly warranted that the rifle, including, but not limited to, all related parts and components thereof, had been properly designed, constructed, manufactured, assembled, tested, inspected, advertised, marketed, sold, and distributed, and that the same were safe, and that the same could be used by Plaintiff for the uses and purposes normally contemplated. These warranties and representations were reasonably relied upon by Plaintiff.

26. The said rifle designed, manufactured, marketed and distributed by the Defendants was not free of defects in material, workmanship, and design; rather, it was defective and not usable for the purpose for which it was distributed and/or sold. Such condition constituted a breach of Defendants' express warranties.

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

27. By reason of the events aforesaid and as a direct and proximate result of the breach of the aforesaid express warranties made by the Defendants, and each of them, Plaintiff has been seriously and permanently aggrieved, wronged, damaged and injured, as fully set forth in Count I.

## COUNT III

28. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 26 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

29. Defendants, at all times herein described, acting through their agents, servants, employees and/or representatives impliedly warranted that said rifle, including, but not limited to, all the related parts and components thereof was and were of merchantable quality, and they, including the materials of which it and they were constructed, were fit, safe and in proper condition for its and their intended and ordinary use, and for the particular purpose for which Plaintiff intended, and for the general purposes and uses for which it and they were designed, constructed, assembled, manufactured, tested, inspected, marketed, distributed, sold and/or delivered.

30. Plaintiff used the rifle in reasonable reliance on said implied warranties.

31. Defendants breached the aforesaid implied warranties in that the rifle, including its related components and parts, was not of merchantable quality and was unfit, unsafe, dangerous and unusable for their intended uses and purposes and/or reasonably foreseeable uses, or for the general purposes

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

and uses for which said rifle was intended. Such condition did not conform to the implied warranties made by Defendants and constituted a breach of Defendants' implied warranties of merchantability and implied warranties of fitness for a particular purpose.

32. By reason of the aforesaid and as a direct and proximate result of the breach of the aforesaid implied warranties made by Defendants, and each of them, Plaintiff has been seriously and permanently aggrieved, wronged, damaged and injured, as fully set forth in Count I.

## COUNT IV

33. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 31 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

34. Pursuant to §8.2-314 of *The Code of Virginia*, 1950, as amended, Defendants impliedly warranted that the aforesaid rifle was of merchantable quality, fit, safe and in proper condition for the ordinary use for which such rifle is designed and used. In reliance on such implied warranty of merchantability by Defendants, the rifle was purchased and used.

35. The said rifle designed, manufactured and/or assembled by Defendants and used by Plaintiff was not of merchantable quality; and was defective in both materials and workmanship; it was unfit, unsafe, and unusable for the purpose for which the rifle was intended. Such condition of the rifle

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

constituted a breach of Defendants' implied warranties of merchantability as set forth in §8.2-314 of *The Code of Virginia*, 1950, as amended.

36. As a direct and proximate result of Defendants' breach, Plaintiff was seriously and permanently damaged, injured and disabled, as fully set forth in Count I.

## COUNT V

37. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 35 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

38. Pursuant to §8.2-315 of *The Code of Virginia*, 1950, as amended, Defendants impliedly warranted that the aforesaid rifle was fit for the purpose for which it was sold. At the time said rifle was purchased and used, Defendants knew or had reason to know that the rifle was going to be used and, based upon Defendants' skill and judgment to furnish suitable goods, Plaintiff used the rifle.

39. The rifle manufactured and/or assembled by Defendants, and used by Plaintiff, was not fit for its respective, particular purpose; rather, it was unfit, unsafe, and unusable for the particular purpose for which it was intended, and was defective in both materials and workmanship. Such condition of the rifle constituted a breach of Defendants' implied warranties of fitness for a particular purpose.

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

40. As a direct and proximate result of Defendants' breach, Plaintiff was seriously and permanently damaged, injured and disabled, as fully set forth in Count I.

## COUNT VI

41. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 39 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

42. It was further the duty of the Defendants to give the users of their aforesaid rifle reasonable warnings of the reasonably foreseeable dangers associated with use of this rifle, and particularly to warn, inform, instruct and apprise all foreseeable users, including Plaintiff, of the dangers of the defective, improper, unfit, malfunctioning and dangerous condition, design, assembly, composition and manufacture of said rifle, all of the foregoing when Defendants knew or in the exercise of reasonable care should have known that said rifle was defective, dangerous, unfit, and unsafe for the use and purpose for which it was intended, and for which said rifle was supplied.

43. Notwithstanding this duty, Defendants failed to adequately warn Plaintiff of the defective, improper, unfit, malfunctioning, and/or dangerous condition, design, construction, assembly, testing, inspection, and manufacture of said rifle, including, but not limited to, its parts and components related thereto; and that the said Defendants negligently failed to label and mark said rifle with appropriate warnings; did negligently fail to distribute, advertise,

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

and/or disseminate materials, notices, recall letters and/or other communications so as to reasonably warn and inform and apprise potential users of said rifle and its component parts, and did particularly fail to reasonably warn, inform and apprise Plaintiff of the dangers therein of their defective design, assembly, manufacture, sale and/or defective conditions, all of the foregoing when Defendants knew or in the exercise of reasonable care should have known that the same was and/or were defective, dangerous, unfit, and unsafe for the uses and purposes for which it and they were intended.

44. As a direct and proximate result of Defendants' failure to adequately warn Plaintiff of said rifle's dangerous propensities, Plaintiff has been seriously and permanently wronged, damaged and injured, as more fully set forth in Count I.

## COUNT VII

45. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 43 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

46. Plaintiff's purchase of the rifle was a consumer transaction within the meaning of the Virginia Consumer Protection Act, *The Code of Virginia*, §59.1-198, *et seq.* The proof stamp from the House of Eibar represented to consumers and to your Plaintiff specifically that the rifle had, in fact, been proof tested by the House of Eibar.

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

47. The application of the stamp from the House of Eibar when, in fact, the rifle barrel had not been inspected or proofed by the House of Eibar, constituted a misrepresentation of the "approval ... or certification of ..." the rifle within the meaning of §59.1-200(A)(2) of *The Code of Virginia*.

48. The application of the proof stamp of the House of Eibar when, in fact, the rifle barrel had not been inspected or proofed by the House of Eibar also constituted a misrepresentation that the rifle was of a "particular standard, quality [or] grade ..." within the meaning of §59.1-200(A)(6) of *The Code of Virginia*.

49. These misrepresentations are prohibited practices under the Virginia Consumer Protection Act and entitle Plaintiff to relief under the Act.

50. Pursuant to §59.1-204(A) of *The Code of Virginia*, since the act of applying the proof stamp where no proofing had actually occurred, was a willful violation of the Act, Plaintiff is entitled to an award of treble damages.

51. Regardless of whether the violations of the Act are found to be intentional, Plaintiff is entitled to an award of attorney's fees pursuant to §59.1-204(B) of *The Code of Virginia*.

52. As a direct and proximate result of Defendants' violations of the Virginia Consumer Protection Act, Plaintiff has been seriously and permanently wronged, damaged and injured, as fully set forth in Count I.

## COUNT VIII

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

53. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 51 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

54. The Defendants' acts and omissions described constituted willful and wanton behavior and evinced a reckless disregard for the safety and wellbeing of your Plaintiff. As a consequence of the Defendants' willful and wanton behavior, Plaintiff is entitled to an award of punitive damages.

## COUNT IX

55. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 53 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

56. The design, manufacture, distribution and sale of firearms are inherently dangerous and ultra hazardous activities. Defendants are strictly liable for injuries incurred by those, including your Plaintiff, who are properly using this inherently dangerous and ultra hazardous product.

57. As a direct and proximate cause of Defendants' failure to adequately warn Plaintiff of said rifle's dangerous propensities, Plaintiff has been seriously and permanently wronged, damaged and injured, as more fully set forth in Count I.

Plaintiff demands a trial by jury.

**WHEREFORE,** for Counts I through IX combined, Plaintiff, Charles David King, Jr., demands judgment against Defendants, Blackpowder Products, Inc. d/b/a CVA

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

and/or Connecticut Valley Arms; Dikar S. COOP, LTDA.; Wal-Mart Stores East, LP; Connecticut Valley Arms, Inc.; D. C. 1980, Inc.; and Sports South, LLC, previously known as and successor in interest to Sports South, Inc.; and Sports South, Inc., presently known as and predecessor in interest to Sports South, LLC, jointly and severally: (1) for an award of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) in compensatory damages for all those wrongs, damages, and injuries, and for the reasons hereinabove set forth; (2) for treble damages pursuant to §59.1-204(A) of *The Code of Virginia;* (3) for an award of punitive damages in the amount of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00); (4) for an award of attorney's fees under the common law and pursuant to §59.1-204(B) of *The Code of Virginia*; (5) for an award of costs and expenses in his behalf expended; (6) for an award of interest from October 28, 2010; and (7) for such other and further relief as the Court deems appropriate.

Respectfully submitted,

CHARLES DAVID KING, JR.

By_____

Of Counsel

Timothy E. Kirtner  VSB # 36938
GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON
P. O. Box 878
Pulaski, VA  24301
540/980-1360 (telephone)
540/980-5264 (facsimile)

Joseph H. McGrady, VSB #13095
McGrady & McGrady
127 Mill Street

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

P. O. Box 605
Hillsville, VA 24343
276/728-2591 (telephone)
276/728-2586 (facsimile)

Counsel for Plaintiff

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. .................................................
(CLERK'S OFFICE USE ONLY)

................................ Carroll County ................................ ................................ Circuit Court

Charles David King, Jr.,  .......................... v./In re: .......................... Dikar S. Coop., LTDA., et al.

PLAINTIFF(S)  ............................................................................  DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL
**Subsequent Actions**
- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**
- [ ] Attachment
- [ ] Confessed Judgment
- [ ] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [X] Product Liability
- [ ] Wrongful Death
- [ ] Other General Tort Liability

## ADMINISTRATIVE LAW
- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

## DOMESTIC/FAMILY
- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

## WRITS
- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
- [ ] Trust (select one)
  - [ ] Impress/Declare
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

## MISCELLANEOUS
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Bond Forfeiture Appeal
- [ ] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of U.S. Currency
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify) ........................

VALIDATE CASE PAPERS
RCPT : 140000003543
DATE : 04/23/14 TIME: 15:50
CASE : 035CL1400027-00
ACCT : KING, CHARLES DAVID,

[ ] Damages in the amount of $ 1,850,000.00 .............................. are claimed.

.......................... April 17, 2014 ..........................
DATE

[ ] PLAINTIFF    [ ] DEFENDANT    [X] ATTORNEY FOR:    [X] PLAINTIFF
[ ] DEFENDANT

.......................... Timothy E. Kirter ..........................
PRINT NAME

.......................... Gilmer, Sadler, Ingram, Sutherland & Hutton ..........................
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

.......................... P. O. Box 878, Pulaski, VA  24301   540/980-1360 ..........................

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 10/12

# GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P.

ATTORNEYS AND COUNSELLORS AT LAW
MIDTOWN PROFESSIONAL OFFICE BUILDING
65 EAST MAIN STREET
POST OFFICE BOX 878
PULASKI, VIRGINIA 24301

TIMOTHY E. KIRTNER
Extension 29
tkirtner@gsish.com

TELEPHONE (540) 980-1360
FACSIMILE NO. (540) 980-5264

April 22, 2014

```
VALIDATE CASE PAPERS
RCPT : 14000003513
DATE : 04/23/14 TIME: 15:50
CASE : 035CL14000127-00
ACCT : KING, CHARLES DAVID,
AMT, :        $344.00
```

Carolyn H. Honeycutt, Clerk
Circuit Court of Carroll County
P. O. Box 218
Hillsville, VA  24343-0218

    Re:  ***Charles David King v. BPI, Dikar S. Coop, et al.***
         **Case No. 035CL12000339-00**

Dear Carolyn:

    Enclosed please find a Complaint for filing in the above matter.  Also enclosed is our firm's check for the appropriate filing fee, as well as a self-addressed envelope for your convenience in sending us the filing receipt. Service is not requested at this time.

    Thank you for your cooperation and assistance.

                          Sincerely yours,

                          *Tim Kirtner*
                          Timothy E. Kirtner /brm

/brm
Enclosure
cc:  Joseph H. McGrady, Esquire (w/copy of Complaint)

9230

**GILMER, SADLER, INGRAM,** SUTHERLAND & HUTTON, L. L.P.
ATTORNEYS AT LAW

VENDOR: Clerk, Circuit Court of Carroll County          Vendor No. 000220    CHECK NO: 9230

| OUR REF. NO. | YOUR INVOICE NUMBER | INVOICE DATE | INVOICE AMOUNT | AMOUNT PAID | DISCOUNT TAKEN |
|---|---|---|---|---|---|
| TEK 20177.0 | 04162014 | 04/16/2014 | $344.00 | $344.00 | $0.00 |

Clerk, Circuit Court of Carroll County/Filing fee/King, Charles David/TEK/20177.0

# COMMONWEALTH OF VIRGINIA



OFFICIAL RECEIPT
CARROLL COUNTY CIRCUIT COURT
CIVIL

DATE: 04/23/14 TIME: 15:50:31 ACCOUNT: 035CLI4000127-00   RECEIPT: 14000003513
CASHIER: KIP   REG: OL32  FILING: PROD  TYPE: FULL PAYMENT
CASE COMMENTS: KING, CHARLES DAVID, JR V. BLACKPOWDER PRODUCTS, I
   SUIT AMOUNT:   $1,850,000.00
ACCT OF: KING, CHARLES DAVID, JR        RECD: KING, CHARLES DAVID, JR
   CHECK:         $344.00   9230
DESCRIPTION 1: PLAINTIFF: KING, CHARLES DAVID, JR
            2: NO HEARING SCHEDULED

| CODE | DESCRIPTION | PAID | CODE | DESCRIPTION | PAID |
|------|-------------|------|------|-------------|------|
| 304 | CLERK CIVIL FEE | 290.00 | 049 | WRIT TAX - CIVIL | 25.00 |
| 106 | TECHNOLOGY TRST FND | 5.00 | 123 | LEGAL AID FEE | 9.00 |
| 147 | INDIGENT ASSISTANCE | 1.00 | 170 | COURT TECH FUND | 10.00 |
| 219 | LAW LIBRARY | 2.00 | 229 | CHMF | 2.00 |
| 228 | CHCF | .00 | | | |

                                  TENDERED    :   344.00
                                  AMOUNT PAID:   344.00
                                  CHANGE AMT  :      .00


            CLERK OF COURT: CAROLYN H. HONEYCUTT

DC-18 (1/90)

GILMER, SADLER, INGRAM,
SUTHERLAND & HUTTON, L.L.P.
ATTORNEYS AND COUNSELLORS AT LAW
65 EAST MAIN STREET
POST OFFICE BOX 878
PULASKI, VIRGINIA 24301

Carolyn H. Honeycutt, Clerk
Circuit Court of Carroll County
P. O. Box 218
Hillsville, VA 24343-0218

# GILMER, SAL    R, INGRAM, SUTHERLAND & l   TTON, L.L.P.
ATTORNEYS AND COUNSELLORS AT LAW
MIDTOWN PROFESSIONAL OFFICE BUILDING
65 EAST MAIN STREET
POST OFFICE BOX 878
PULASKI, VIRGINIA 24301

Extension 20
bmeredith@gsish.com

TELEPHONE (540) 980-1360
FACSIMILE NO. (540) 980-5264

April 2, 2015

Carroll County Clerk's Office
Attention: Kay Padgett

**Via Facsimile: 276/730-3071**

> **Re:**   ***King v. Dikar S. Coop, LTDA, et al.***
> **Case No. CL14000127-00**

Dear Kay:

Please prepare the above Complaint for service upon the following defendants:

Black Powder Products, Inc.
SERVE: Dudley McGarity, Registered Agent
1685 Boggs Road, Suite 300
Duluth, GA 30096

Connecticut Valley Arms, Inc.
SERVE: Dudley McGarity, Registered Agent
1685 Boggs Road, Suite 300
Duluth, GA 30096

D.C. 1980, Inc.
SERVE: Robert Hickey, Registered Agent
2201 Brooke Farm Trail
Dunwoody, GA 30338

Sports South, LLC
SERVE: Markham Allen Dickson, Jr., Registered Agent
410 Kay Lane
Shreveport, LA 71115

POSTED

Kay Padgett
Page 2 of 2
April 2, 2015
Re: *King v. Dikar S. Coop, LTDA, et al.* (Case No. CL14000127-00)

     Mr. Kirtner will pick up the summonses and cover sheets around lunchtime today, and we will overnight the Complaints to the Secretary of the Commonwealth for service. I have attached a copy of the Complaint for reference.

     Thank you for your cooperation and assistance.  Please call if you have questions.

             Sincerely yours,

             Bonnie Meredith
             Legal Assistant

/brm
Attachments

# VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF CARROLL

CHARLES DAVID KING, JR.,                      :
                                              :
    Plaintiff                                 :
                                              :
v.                                            :    Case No._____
                                              :
BLACKPOWDER PRODUCTS, INC.,                   :
(d/b/a "CVA" and/or "Connecticut              :
Valley Arms")                                 :
                                              :
and                                           :
                                              :
DIKAR S. COOP., LTDA.                         :
                                              :
and                                           :
                                              :
WAL-MART STORES EAST, LP                      :
                                              :
and                                           :
                                              :
CONNECTICUT VALLEY ARMS, INC.                 :
                                              :
and                                           :
                                              :
D.C. 1980, Inc., (d/b/a "CVA" and/or          :
"Connecticut Valley Arms")                    :
                                              :
and                                           :
                                              :
SPORTS SOUTH, LLC, previously known           :
as and successor in interest to Sports South, :
Inc.,                                         :
                                              :
and                                           :
                                              :
SPORTS SOUTH, INC., presently known           :
as and predecessor in interest to Sports      :
South, LLC                                    :
                                              :
    Defendants.                               :

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 1 of 19

# COMPLAINT

**COMES NOW** the Plaintiff, Charles David King, Jr., (hereinafter "Plaintiff"), by counsel, and for his complaint against the Defendants, individually, and jointly and severally, states as follows:

1.      This Complaint was originally filed in the Carroll County Circuit Court on October 24, 2012.  Plaintiff filed a Motion for Nonsuit on October 24, 2013, and a voluntary nonsuit was granted on October 28, 2013.

2.      Your Plaintiff is, and was at all times relevant hereto, a resident of the County of Carroll, Commonwealth of Virginia.

3.      Defendant, Blackpowder Products, Inc. (hereinafter "Blackpowder"), is a Georgia corporation that does not maintain a registered agent in Virginia, and is not authorized to transact business in the Commonwealth of Virginia. Blackpowder's corporate headquarters is in Duluth, Georgia.   Upon information and belief, Blackpowder is a successor corporation to Connecticut Valley Arms and/or D. C. 1980, Inc.

4.      Defendant, Connecticut Valley Arms, Inc. (hereinafter "CVA"), is a Georgia corporation that does not maintain a registered agent in Virginia, and is not authorized to transact business in the Commonwealth of Virginia. CVA's corporate headquarters is in Duluth, Georgia.   Upon information and belief, CVA is a predecessor and/or sister and/or subsidiary corporation to Blackpowder.

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 2 of 19

5.      Defendant, D. C. 1980, Inc. (hereinafter "D. C. 1980"), is a Georgia corporation that does not maintain a registered agent in Virginia, and is not authorized to transact business in the Commonwealth of Virginia. D. C. 1980's corporate headquarters is in Dunwoody, Georgia. Upon information and belief, D. C. 1980 is a predecessor and/or sister and/or subsidiary corporation to Blackpowder.

6.      Defendant, Wal-Mart Stores East, LP (hereinafter "Wal-Mart"), is a Delaware limited partnership, having its headquarters in Bentonville, Arkansas. Wal-Mart is authorized to transact business in the Commonwealth of Virginia, and maintains a registered agent in Virginia.

7.      Sports South, Inc., and Sports South, LLC (collectively referred to as "Sports South") are entities organized and existing under the laws of the State of Louisiana and having their corporate headquarters in Shreveport, Louisiana. Sports South does not have a registered agent in Virginia, and is not authorized to transact business in Virginia.

8.      Defendant, Dikar S. COOP., LTDA. (hereinafter "Dikar"), is a Spanish corporation that does not maintain a registered agent in Virginia, and is not authorized to transact business in the Commonwealth of Virginia. Dikar's corporate headquarters is in Bergara, Gipuzkoa, Spain.

9.      Dikar is in the business of manufacturing guns, including specifically blackpowder muzzleloading rifles, for distribution and ultimate retail sale in the United States. Dikar has exclusively distributed its guns in the

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 3 of 19

United States through Defendants D. C. 1980, CVA, and Blackpowder. Wal-Mart Stores East, LP, operates retail stores throughout the United States, including stores in the Commonwealth of Virginia, and among the products offered for retail sale to the public are and have been, blackpowder muzzleloading rifles manufactured by Dikar and distributed through D. C. 1980, CVA, and Blackpowder. Dikar knows, and intends, when it delivers its firearms to the other Defendants for distribution that the firearms will be placed into the stream of commerce and sold throughout the United States, including the Commonwealth of Virginia.

10.     On or about October 2001, Plaintiff purchased a "Connecticut Valley Arms Staghorn" (the "rifle") 50 caliber muzzleloader from a Wal-Mart Store in Galax, Virginia. The rifle was manufactured by Dikar and distributed in the United States by Blackpowder, CVA and/or D. C. 1980 to Sports South, who, in turn, sold/distributed the rifle to Wal-Mart. The rifle was marketed under the Connecticut Valley Arms brand name, and bore the serial number 61-13-070684-01. By distributing the rifle for sale and selling the rifle in the Commonwealth of Virginia, Defendants, and each of them, did "transact business" in the Commonwealth of Virginia within the meaning of §8.01-328.1(A)(1) of *The Code of Virginia*, and "supply things" within the meaning of §8.01-378(1)(A)(2). In addition to the sale of the rifle, Defendants regularly transacted business within the Commonwealth of Virginia through the sale of thousands of firearms and other retail products

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

each year. They are thus subject to this Court's jurisdiction pursuant to §s8.01-328.1(A)(1, 2, and 4) of *The Code of Virginia.*

11. The rifle barrel bore a proof stamp from the House of Eibar, a proof testing laboratory in Spain. The application of this proof stamp was intended to represent to ultimate purchasers, including your Plaintiff, of the rifle that the rifle barrel had been proof tested by the House of Eibar, and was further intended to represent that the barrel had a sufficient metallurgical structure, composition and makeup, as well as a proper design, to safely withstand the forces generated by the discharge of the rifle. Upon information and belief, although the rifle barrel bore a proof stamp from the House of Eibar, the barrel itself was never proof tested by the House of Eibar or any other proof testing laboratory.

12. On October 28, 2010, Plaintiff loaded the rifle, in a manner consistent with the instructions provided with the rifle, and attempted to fire the rifle. Upon pulling the trigger to discharge the rifle, the rifle barrel ripped apart near where Plaintiff's left hand was holding the rifle. As a result of the barrel of the rifle exploding and violently ripping apart, Plaintiff suffered devastating injuries to his left hand. The severity of the injuries was such that Plaintiff lost his thumb and index finger on his left hand. Plaintiff has been permanently deformed and disfigured. He has suffered severe pain, emotional anguish, embarrassment, and has been required to undergo extensive medical care and treatment. He was, for a time, prevented from

GILMER, SADLER, NGRAM, SUTHERLAND & HUTTON, L.L.P. ATTORNEYS AT LAW PULASKI, VIRGINIA

engaging in his normal occupation and, as a result thereof, suffered a loss of income.

13.   The rifle, and specifically the barrel of the rifle, manufactured by Dikar and distributed by Blackpowder, CVA, and D. C. 1980, and Sports South, and sold by Wal-Mart, was defective in its design, testing and manufacture. The defects in the rifle included, but were not limited to, the barrel of the gun, in its structural and metallurgical composition, not being designed to withstand forces normally generated by the discharge of a 50 caliber muzzleloading rifle; the barrel not being properly manufactured to withstand those forces; the barrel of the rifle being manufactured from substandard metal; the barrel of the rifle having defects caused by the design and manufacture of the rifle; and the firing mechanism of the rifle being defectively designed and manufactured.

## COUNT I

14.   Plaintiff realleges and repleads all those allegations contained and set forth in paragraphs 1 through 12 above with the same force and effect as though they were herein fully and specifically set forth in detail.

15.   Defendants expected the subject rifle to reach consumers or users in the condition in which it was at the time of sale.

16.   Said rifle was in a defective condition and unreasonably and inherently dangerous when it left the hands of each of the Defendants in that said rifle was inadequately designed, constructed, assembled, manufactured, tested

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 6 of 19

and inspected, such that the rifle would not function in a proper and safe manner, thereby posing a danger to its users.

17.     At the time of all the events recited herein, it was the duty of each of the Defendants, and the duty of their agents, servants, employees and/or representatives, to use ordinary care, caution, diligence and safety in the design, composition, construction, assembly, manufacture, testing, distribution, marketing, maintenance, and/or sale of the rifle in a manner which would render it safe for its intended and foreseeable uses and to be free of defects in materials and workmanship.

18.     It was further the duty of the Defendants to make such reasonable inspections and testings of the rifle after its design, manufacture and assembly, but before its delivery for ultimate sale to the consuming public, so as to reasonably ascertain that it was safe and proper for the use and operation contemplated and intended therefor. It was especially the duty of the Defendants to make such reasonable testing as to ascertain or discover any defects therein, including, but not limited to, all components, parts and assemblies thereof.

19.     Plaintiff had a right to and reasonably did place his reliance upon the proper performance of the aforesaid duties by the Defendants.

20.     Notwithstanding these duties, Defendants did carelessly and negligently design, construct, assemble, compose, manufacture, test, distribute, market, maintain and/or sell the rifle so as to render it defective, dysfunctional, and

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 7 of 19

unsafe for its intended foreseeable use and dangerous to its user, and further the rifle was defective in materials and workmanship. The rifle was unreasonably dangerous for use by Plaintiff, who was unaware of the dangers, hazards, and perils of the rifle.

21. Defendants, through their agents, servants, employees and/or representatives, were otherwise negligent in the design, construction, assembly, manufacture, testing, marketing, distribution, delivery, inspection, and/or sale of the rifle, which was defective and not reasonably safe for its intended and foreseeable use and greatly endangered its user.

22. As a direct and proximate result of the Defendants' breaches of duties to Plaintiff, as aforesaid, Plaintiff sustained serious, grievous, violent, and permanent injuries and damages, to-wit:

 a. He sustained devastating injuries to his left hand and, specifically, to his left thumb and index finger, resulting in the index finger and thumb being amputated completely, rendering his left hand of minimal use and causing him grievous pain and suffering and great inconvenience, embarrassment, humiliation, disfigurement, deformity, and other bodily dysfunctions in the past and for his reasonably expected future life;

 b. He suffered severe psychological injuries and much mental anguish in the past and can be reasonably expected to have to endure those psychological injuries and mental anguish for the rest of his life;

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 8 of 19

Case 7:15-cv-00212-GEC   Document 9   Filed 05/15/15   Page 35 of 109   Pageid#: 135

c.    He has, on account of these injuries, been required to undergo hospital care, including surgical procedures, medical care, physical therapy, and medication therapy, and it is reasonably expected he will have to continue with such in the future, all at great expenditure of funds, financial hardship, much inconvenience, and further pain and suffering in the days and years ahead;

d.    He has suffered a substantial monetary loss and other financial impairment because these injuries rendered him unable for a period of time to earn a livelihood, and have diminished his capacity to be gainfully employed, both in the past and in the future;

e.    He has been forced to curtail and/or restrict his physical, recreational, and social activities and pursuits because of his injuries, and has been required to alter his lifestyle, reducing his enjoyment of life, which has been substantially diminished as a result of the injuries; and

f.    He has otherwise been permanently injured, wounded, disabled and damaged because of Defendants' negligence, as aforesaid.

23.    As a direct and proximate result of the defective and unreasonably dangerous condition of the rifle which the Defendants designed and manufactured and distributed for ultimate sale for use by Plaintiff, and as a direct and proximate result of the negligence on the part of all the

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Defendants, Plaintiff has been substantially and permanently wronged, injured, and damaged.

## COUNT II

24.    Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 22 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

25.    Defendants, at all times herein described, acting through their agents, servants, employees and/or representatives, through the documentation provided with the rifle, and through the proof stamping affixed to the rifle, and otherwise expressly warranted that the rifle, including, but not limited to, all related parts and components thereof, had been properly designed, constructed, manufactured, assembled, tested, inspected, advertised, marketed, sold, and distributed, and that the same were safe, and that the same could be used by Plaintiff for the uses and purposes normally contemplated. These warranties and representations were reasonably relied upon by Plaintiff.

26.    The said rifle designed, manufactured, marketed and distributed by the Defendants was not free of defects in material, workmanship, and design; rather, it was defective and not usable for the purpose for which it was distributed and/or sold. Such condition constituted a breach of Defendants' express warranties.

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 10 of 19

27.    By reason of the events aforesaid and as a direct and proximate result of the breach of the aforesaid express warranties made by the Defendants, and each of them, Plaintiff has been seriously and permanently aggrieved, wronged, damaged and injured, as fully set forth in Count I.

## COUNT III

28.    Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 26 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

29.    Defendants, at all times herein described, acting through their agents, servants, employees and/or representatives impliedly warranted that said rifle, including, but not limited to, all the related parts and components thereof was and were of merchantable quality, and they, including the materials of which it and they were constructed, were fit, safe and in proper condition for its and their intended and ordinary use, and for the particular purpose for which Plaintiff intended, and for the general purposes and uses for which it and they were designed, constructed, assembled, manufactured, tested, inspected, marketed, distributed, sold and/or delivered.

30.    Plaintiff used the rifle in reasonable reliance on said implied warranties.

31.    Defendants breached the aforesaid implied warranties in that the rifle, including its related components and parts, was not of merchantable quality and was unfit, unsafe, dangerous and unusable for their intended uses and purposes and/or reasonably foreseeable uses, or for the general purposes

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 11 of 19

and uses for which said rifle was intended. Such condition did not conform to the implied warranties made by Defendants and constituted a breach of Defendants' implied warranties of merchantability and implied warranties of fitness for a particular purpose.

32. By reason of the aforesaid and as a direct and proximate result of the breach of the aforesaid implied warranties made by Defendants, and each of them, Plaintiff has been seriously and permanently aggrieved, wronged, damaged and injured, as fully set forth in Count I.

## COUNT IV

33. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 31 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

34. Pursuant to §8.2-314 of *The Code of Virginia*, 1950, as amended, Defendants impliedly warranted that the aforesaid rifle was of merchantable quality, fit, safe and in proper condition for the ordinary use for which such rifle is designed and used. In reliance on such implied warranty of merchantability by Defendants, the rifle was purchased and used.

35. The said rifle designed, manufactured and/or assembled by Defendants and used by Plaintiff was not of merchantable quality; and was defective in both materials and workmanship; it was unfit, unsafe, and unusable for the purpose for which the rifle was intended. Such condition of the rifle

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

constituted a breach of Defendants' implied warranties of merchantability as set forth in §8.2-314 of *The Code of Virginia*, 1950, as amended.

36.    As a direct and proximate result of Defendants' breach, Plaintiff was seriously and permanently damaged, injured and disabled, as fully set forth in Count I.

### COUNT V

37.    Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 35 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

38.    Pursuant to §8.2-315 of *The Code of Virginia*, 1950, as amended, Defendants impliedly warranted that the aforesaid rifle was fit for the purpose for which it was sold. At the time said rifle was purchased and used, Defendants knew or had reason to know that the rifle was going to be used and, based upon Defendants' skill and judgment to furnish suitable goods, Plaintiff used the rifle.

39.    The rifle manufactured and/or assembled by Defendants, and used by Plaintiff, was not fit for its respective, particular purpose; rather, it was unfit, unsafe, and unusable for the particular purpose for which it was intended, and was defective in both materials and workmanship. Such condition of the rifle constituted a breach of Defendants' implied warranties of fitness for a particular purpose.

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 13 of 19

40. As a direct and proximate result of Defendants' breach, Plaintiff was seriously and permanently damaged, injured and disabled, as fully set forth in Count I.

## COUNT VI

41. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 39 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

42. It was further the duty of the Defendants to give the users of their aforesaid rifle reasonable warnings of the reasonably foreseeable dangers associated with use of this rifle, and particularly to warn, inform, instruct and apprise all foreseeable users, including Plaintiff, of the dangers of the defective, improper, unfit, malfunctioning and dangerous condition, design, assembly, composition and manufacture of said rifle, all of the foregoing when Defendants knew or in the exercise of reasonable care should have known that said rifle was defective, dangerous, unfit, and unsafe for the use and purpose for which it was intended, and for which said rifle was supplied.

43. Notwithstanding this duty, Defendants failed to adequately warn Plaintiff of the defective, improper, unfit, malfunctioning, and/or dangerous condition, design, construction, assembly, testing, inspection, and manufacture of said rifle, including, but not limited to, its parts and components related thereto; and that the said Defendants negligently failed to label and mark said rifle with appropriate warnings; did negligently fail to distribute, advertise,

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

and/or disseminate materials, notices, recall letters and/or other communications so as to reasonably warn and inform and apprise potential users of said rifle and its component parts, and did particularly fail to reasonably warn, inform and apprise Plaintiff of the dangers therein of their defective design, assembly, manufacture, sale and/or defective conditions, all of the foregoing when Defendants knew or in the exercise of reasonable care should have known that the same was and/or were defective, dangerous, unfit, and unsafe for the uses and purposes for which it and they were intended.

44.     As a direct and proximate result of Defendants' failure to adequately warn Plaintiff of said rifle's dangerous propensities, Plaintiff has been seriously and permanently wronged, damaged and injured, as more fully set forth in Count I.

## COUNT VII

45.     Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 43 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

46.     Plaintiff's purchase of the rifle was a consumer transaction within the meaning of the Virginia Consumer Protection Act, *The Code of Virginia*, §59.1-198, *et seq.* The proof stamp from the House of Eibar represented to consumers and to your Plaintiff specifically that the rifle had, in fact, been proof tested by the House of Eibar.

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

### Page 15 of 19

47.     The application of the stamp from the House of Eibar when, in fact, the rifle barrel had not been inspected or proofed by the House of Eibar, constituted a misrepresentation of the "approval ... or certification of ..." the rifle within the meaning of §59.1-200(A)(2) of *The Code of Virginia.*

48.     The application of the proof stamp of the House of Eibar when, in fact, the rifle barrel had not been inspected or proofed by the House of Eibar also constituted a misrepresentation that the rifle was of a "particular standard, quality [or] grade ..." within the meaning of §59.1-200(A)(6) of *The Code of Virginia.*

49.     These misrepresentations are prohibited practices under the Virginia Consumer Protection Act and entitle Plaintiff to relief under the Act.

50.     Pursuant to §59.1-204(A) of *The Code of Virginia,* since the act of applying the proof stamp where no proofing had actually occurred, was a willful violation of the Act, Plaintiff is entitled to an award of treble damages.

51.     Regardless of whether the violations of the Act are found to be intentional, Plaintiff is entitled to an award of attorney's fees pursuant to §59.1-204(B) of *The Code of Virginia.*

52.     As a direct and proximate result of Defendants' violations of the Virginia Consumer Protection Act, Plaintiff has been seriously and permanently wronged, damaged and injured, as fully set forth in Count I.

## COUNT VIII

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 16 of 19

53.   Plaintiff realleges and repleads all the allegations set forth in paragraphs 1
      through 51 above with the same force and effect as though they were herein
      fully and specifically again set forth in detail.

54.   The Defendants' acts and omissions described constituted willful and
      wanton behavior and evinced a reckless disregard for the safety and
      wellbeing of your Plaintiff.  As a consequence of the Defendants' willful
      and wanton behavior, Plaintiff is entitled to an award of punitive damages.

## COUNT IX

55.   Plaintiff realleges and repleads all the allegations set forth in paragraphs 1
      through 53 above with the same force and effect as though they were herein
      fully and specifically again set forth in detail.

56.   The design, manufacture, distribution and sale of firearms are inherently
      dangerous and ultra hazardous activities.  Defendants are strictly liable for
      injuries incurred by those, including your Plaintiff, who are properly using
      this inherently dangerous and ultra hazardous product.

57.   As a direct and proximate cause of Defendants' failure to adequately warn
      Plaintiff of said rifle's dangerous propensities, Plaintiff has been seriously
      and permanently wronged, damaged and injured, as more fully set forth in
      Count I.

Plaintiff demands a trial by jury.

**WHEREFORE,** for Counts I through IX combined, Plaintiff, Charles David

King, Jr.,  demands judgment against Defendants, Blackpowder Products, Inc. d/b/a CVA

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

and/or Connecticut Valley Arms; Dikar S. COOP, LTDA.; Wal-Mart Stores East, LP; Connecticut Valley Arms, Inc.; D. C. 1980, Inc.; and Sports South, LLC, previously known as and successor in interest to Sports South, Inc.; and Sports South, Inc., presently known as and predecessor in interest to Sports South, LLC, jointly and severally: (1) for an award of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) in compensatory damages for all those wrongs, damages, and injuries, and for the reasons hereinabove set forth; (2) for treble damages pursuant to §59.1-204(A) of *The Code of Virginia;* (3) for an award of punitive damages in the amount of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00); (4) for an award of attorney's fees under the common law and pursuant to §59.1-204(B) of *The Code of Virginia;* (5) for an award of costs and expenses in his behalf expended; (6) for an award of interest from October 28, 2010; and (7) for such other and further relief as the Court deems appropriate.

<div style="text-align:center">

Respectfully submitted,

CHARLES DAVID KING, JR.

By_____
Of Counsel

</div>

Timothy E. Kirtner  VSB # 36938
GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON
P. O. Box 878
Pulaski, VA  24301
540/980-1360 (telephone)
540/980-5264 (facsimile)

Joseph H. McGrady, VSB #13095
McGrady & McGrady
127 Mill Street

GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P. ATTORNEYS AT LAW PULASKI, VIRGINIA

<div style="text-align:center">Page 18 of 19</div>

P. O. Box 605
Hillsville, VA 24343
276/728-2591 (telephone)
276/728-2586 (facsimile)

Counsel for Plaintiff

GILMER, SADLER,
NGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 19 of 19

# GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P.

ATTORNEYS AND COUNSELLORS AT LAW
MIDTOWN PROFESSIONAL OFFICE BUILDING
65 EAST MAIN STREET
POST OFFICE BOX 878
PULASKI, VIRGINIA 24301

TIMOTHY E. KIRTNER
Extension 29
tkirtner@gsish.com

TELEPHONE (540) 980-1360
FACSIMILE NO. (540) 980-5264

May 23, 2014

Carolyn H. Honeycutt, Clerk
Circuit Court of Carroll County
P. O. Box 218
Hillsville, VA 24343-0218

     **Re:** ***Charles David King v. BPI, Dikar S. Coop, et al.***
          **Case No. 035CL~~12000339-00~~**

                  CL 14-127

Dear Carolyn:

     Please be advised that the above referenced case is not yet ready for trial, and we would ask that it be passed over at docket call on June 4, 2014.

     Thank you for your cooperation and assistance.

               Sincerely yours,

               Timothy E. Kirtner

/brm
Enclosure
cc:   Joseph H. McGrady, Esquire
      James E. Singer, Esquire

2014 MAY 28 AM 11: 17

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE

POSTED



GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P.
ATTORNEYS AND COUNSELLORS AT LAW
P.O. BOX 878
PULASKI, VIRGINIA 24301

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE

2014 MAY 28 AM 11: 17

ROANOKE VA 240

27 MAY 2014 PM 1 L

Carolyn H Honeycutt, Clerk
Circuit Court of Carroll County
P. O. Box 218
Hillsville, VA 24343-0218

# GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P.

ATTORNEYS AND COUNSELLORS AT LAW
MIDTOWN PROFESSIONAL OFFICE BUILDING
65 EAST MAIN STREET
POST OFFICE BOX 878
PULASKI, VIRGINIA 24301

Extension 20
bmeredith@gsish.com

TELEPHONE (540) 980-1360
FACSIMILE NO. (540) 980-5264

April 10, 2015

Carroll County Clerk's Office
Attention: Kay Padgett

**Via Facsimile: 276/730-3071**

Re:  ***King v. Black Powder Products, Inc.***
     **Case No. CL14000127-00**

Dear Kay:

Please prepare the above Complaint for service upon the following defendants:

Wal-Mart Stores East, LP
SERVE: CT Corporation System, Registered Agent
4701 Cox Road, Suite 285
Glen Allen, VA 23060

I will appreciate your mailing the summons sheet to me. We will attach it to a copy of the Complaint and have it served by private process.

Thank you for your cooperation and assistance. Please call if you have questions.

Sincerely yours,

*Bonnie*

Bonnie Meredith
Legal Assistant

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE
2015 APR 10 AM 11: 27

**POSTED**

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL14000127-00

CARROLL COUNTY CIRCUIT COURT

605 PINE STREET   P.O. BOX 218 HILLSVILLE VA 24343

ADDRESS

TO:

WAL-MART STORES EAST, LP

CT CORPORATION SYSTEM, REGISTERED AGENT

4701 COX ROAD, SUITE 285

GLEN ALLEN, VA 23060

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

APRIL 10, 2015                    JANICE JESSUP, INTERIM                                    Clerk

DATE

by _____

DEPUTY CLERK

COURT COPY

Instructions: ...........................................................................................................

.................................................................................................................................

Put in mail Friday
4-10-15
KP
DC

Hearing Official: ...........................................................

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. CL14000127-00

Commonwealth of Virginia

CARROLL COUNTY ............................................ Circuit Court

Charles David King, Jr.                    v.         Connecticut Valley Arms

                                                      Dudley Moore, Registered Agent

                                                      1685 Boggs Road, Suite 300, Duluth, GA 30096

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | ☒ Summons and Complaint | ☐ Notice |

I, the undersigned Affiant, state under oath that

☒ the above-named defendant ............ Connecticut Valley Arms

whose last known address is ☒ same as above ☐

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

.......................................... is the hearing date and time on the attached process or notice.

4-2-15

**DATE**

☒ PARTY ☒ PARTY'S ATTORNEY ☒ PARTY'S AGENT ☐ PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of Virginia       ☐ City ☒ County of Pulaski

Acknowledged, subscribed and sworn to before me this day by Timothy E. Kirtner

PRINT NAME OF PARTY/AFFIANT

4-2-15          Bonnie Rebecca Meredith

**DATE**

☐ CLERK   ☐ MAGISTRATE   ☒ NOTARY PUBLIC

Notary Registration No. 164614 My commission expires: 7/31/18

> BONNIE REBECCA MEREDITH
> NOTARY PUBLIC
> REG. #164614
> COMMONWEALTH OF VIRGINIA
> MY COMMISSION EXPIRES 7/31/18

☒ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE NAMED COURT.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On APR 0 6 2015 ........................................, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On APR 1 4 2015 ........................................, papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

**POSTED**

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. CL14000127-00

Commonwealth of Virginia

CARROLL COUNTY _____ Circuit Court

Charles David King, Jr.    v.    Black Powder Products, Inc., et al
                                 Dudley Moore, Registered Agent
                                 1685 Boggs Road, Suite 300, Duluth, GA 30096

---

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | ☒ Summons and Complaint | ☒ Notice _____ |
|---|---|---|

I, the undersigned Affiant, state under oath that
☒ the above-named defendant    Black Powder Products, Inc

whose last known address is    ☒ same as above _____

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. ☒ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice.

4-2-15
DATE

☒ PARTY ☒ PARTY'S ATTORNEY ☒ PARTY'S AGENT ☒ PARTY'S REGULAR AND FULL-TIME EMPLOYEE

BONNIE REBECCA MEREDITH
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
REG # 164614
MY COMMISSION EXPIRES 7/31/18

State of Virginia _____    ☐ City ☒ County of Pulaski

Acknowledged, subscribed and sworn to before me this day by Timothy E. Kurtner
                                                          PRINT NAME OF SIGNATORY

4-2-15
DATE

Bonnie Rebecca Meredith

☐ CLERK  ☐ MAGISTRATE  ☒ NOTARY PUBLIC

Notary Registration No. 164614  My commission expires: 7-13-18

☒ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

---

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE NAMED COURT.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On APR 0 6 2015 _____, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

APR 1 4 2015

2. On _____, papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FILED CARROLL COUNTY CIRCUIT COURT CLERKS OFFICE 2015 APR 17 PM 21

POSTED

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. CL14000127-00

Commonwealth of Virginia

CARROLL COUNTY _____ Circuit Court

| Charles David King, Jr. | V. | D. C. 1980, Inc. |
|---|---|---|
| | | Robert Hickey, Registered Agent |
| | | 2201 Brooke Farm Trail, Dunwoody, GA 30338 |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:  ☒ Summons and Complaint      ☒ Notice _____

I, the undersigned Affiant, state under oath that
☐ the above-named defendant  ☒  D. C. 1980, Inc.

whose last known address is  ☒ same as above ☐ _____

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice.

4-2-15
DATE

☐ PARTY  ☒ PARTY'S ATTORNEY  ☐ PARTY'S AGENT  ☐ PARTY'S REGULAR AND REGULAR EMPLOYEE

BONNIE REBECCA MEREDITH
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
REG. #164614
MY COMMISSION EXPIRES 7-31-18

State of Virginia   ☐ City ☒ County of Pulaski

Acknowledged, subscribed and sworn to before me this day by Timothy E. Kirtner
PRINT NAME OF SIGNATORY

4-2-15
DATE

Bonnie Rebecca Meredith

☐ CLERK  ☐ MAGISTRATE  ☒ NOTARY PUBLIC

Notary Registration No. 164614    My commission expires: 7-31-18

☒ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE NAMED COURT.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On APR 0 6 2015 _____, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On APR 1 4 2015 _____, papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

POSTED

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. CL14000127804

Commonwealth of Virginia

CARROLL COUNTY _____ Circuit Court

Charles David King, Jr.

v.

Sports South, LLC
Markham Allen Dickson, Jr. Registered Agent
410 Kay Lane, Shreveport LA 71115

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | ☒ Summons and Complaint | ☐ Notice _____ |
|---|---|---|

I, the undersigned Affiant, state under oath that

☐ the above-named defendant ☒ Sports South, LLC

whose last known address is ☒ same as above ☐ _____

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. ☐ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice.

4-2-15
DATE

☐ PARTY ☒ PARTY'S ATTORNEY ☐ PARTY'S AGENT ☐ PARTY'S REGULAR COURSE OF TRADE EMPLOYEE

State of Virginia ☐ City ☒ County of Pulaski

Acknowledged, subscribed and sworn to before me this day by Timothy E. Kirtner
PRINT NAME OF SIGNATORY

4-2-15
DATE

Bonnie Rebecca Shere Oter

☐ CLERK ☐ MAGISTRATE ☒ NOTARY PUBLIC

Notary Registration No. 164614  My commission expires 7/31/18

BONNIE REBECCA MEREDITH
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 7/31/18

☒ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE-NAMED COURT.

## CERTIFICATE OF COMPLIANCE
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On APR 0 6 2015 _____, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On APR 1 4 2015 _____, papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

POSTED

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE
2015 APR 14 PM 2:21



**SECRETARY OF THE COMMONWEALTH**
POST OFFICE BOX 2452
RICHMOND, VIRGINIA 23218-2452

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE

2015 APR 17 PM 12: 21

$ 000.48

4-17-15
Karen from Doc McGrady's office brought in copies that were either emailed or faxed to their office from Mr. Kaiser's office asking that I time stamp their copy so they would know it was received on this day. I time stamped what she had but the time on their copies will not match the original in the file.
KP
DC

Carroll County Circuit Court
PO Box 218
605 Pine Street
Hillsville, VA 24343-0218

24343$1463 R006

# GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P.

ATTORNEYS AND COUNSELLORS AT LAW
MIDTOWN PROFESSIONAL OFFICE BUILDING
65 EAST MAIN STREET
POST OFFICE BOX 878
PULASKI, VIRGINIA 24301

TELEPHONE (540) 980-1360
FACSIMILE NO. (540) 980-5264

TIMOTHY E. KIRTNER
Extension 29
tkirtner@gsish.com

April 24, 2015

Janice Jessup, Interim Clerk
ATTENTION: Kaye Padgett, Deputy Clerk
Circuit Court of Carroll County
P. O. Box 218
Hillsville, VA 24343-0218

    **Re:** ***Charles David King v. BPI, Dikar S. Coop, et al.***
        **Case No. CL14-127**

Dear Kay:

    We enclose a Motion for Nonsuit with the corrected case number, which we will appreciate your filing in regard to the above referenced matter.

    Thank you for your cooperation and assistance.

        Sincerely yours,

        Timothy E. Kirtner

/brm
Enclosure

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE
2015 APR 27 PM 1:18

POSTED

VIRGINIA: IN THE CIRCUIT COURT FOR CARROLL COUNTY

| | |
|---|---|
| CHARLES DAVID KING, | : |
| Plaintiff | : |
| | : |
| v. | : Case No. CL14-127 |
| | : |
| BLACKPOWDER PRODUCTS, INC., | : |
| et al., | : |
| | : |
| Defendants. | : |

2015 APR 27 PM 1:18
FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE

## MOTION FOR NONSUIT

**COMES NOW** plaintiff, Charles David King, by counsel, pursuant to §8.01-380 of the Code of Virginia, moves the Court for a voluntary nonsuit in regard to defendants, Dikar S. Coop., LTDA, and Sports South, Inc., and in support thereof plaintiff states as follows:

1. This suit has not been served on either Dikar S. Coop., LTDA, or Sports South, Inc..

**WHEREFORE,** plaintiff requests that the Court enter an Order granting a voluntary nonsuit in regard to defendants, Dikar S. Coop, LTDS, and Sports South, Inc., and dismissing this matter without prejudice.

Respectfully submitted,

CHARLES DAVID KING

By_____
Of Counsel

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Timothy E. Kirtner  VSB # 36938
GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON
P. O. Box 878
Pulaski, VA  24301
540/980-1360 phone
540/980-5264 fax
Counsel for Plaintiff

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

2

**GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P.**
ATTORNEYS AND COUNSELLORS AT LAW
P.O. BOX 878
PULASKI, VIRGINIA 24301

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE

2015 APR 27 PM 1: 19

Janice Jessup, Interim Clerk
ATTENTION: Kaye Padgett, Deputy Clerk
Circuit Court of Carroll County
P. O. Box 218
Hillsville, VA 24343-0218



**GENTRY LOCKE**
**Attorneys**

J. Rudy Austin
austin@gentrylocke.com
P: (540) 983-9401
F: (540) 983-9400

April 27, 2015

Janice Jessup, Interim Clerk
Circuit Court of Carroll County
Post Office Box 218
Hillsville, VA 24343

      Re:    Charles David King, Jr.
             v.
             Blackpowder Products, Inc., et al
             Case No.: CL14-127

Dear Ms. Jessup:

Our firm represents the defendant Wal-Mart Stores East, LP in the above-captioned action pending in your court. We are enclosing for filing the responsive pleading of Wal-Mart. By copy of this letter, we are sending copies of our responsive pleading to Timothy E. Kirtner, Esq. and Joseph H. McGrady, Esq., counsel for the plaintiff. As far as we know, no appearances have been made by counsel for the other defendants as yet. Once appearances have been made for the other defendants, we will send them copies of the responsive pleading.

Thank you for your assistance in this regard.

             Very truly yours,

             GENTRY LOCKE

             J. Rudy Austin

JRA:et
Enclosure
c:    Timothy Kirtner, Esq. (w/enclo.)
      Joseph H. McGrady, Esq. (w/enclo.)

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE
2015 APR 29 PM 12: 13

POSTED

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE COUNTY OF CARROLL

CHARLES DAVID KING, JR.,                    )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )
                                            )
BLACKPOWDER PRODUCTS, INC.,                 )
(d/b/a "CVA" and/or "Connecticut Valley Arms"), )
and                                         )
DIKAR S. COOP, LTDA,                        )
and                                         )
WAL-MART STORES, EAST, LP,                  )     Case No. CL-14-127
and                                         )
CONNECTICUT VALLEY ARMS, INC.,              )
and                                         )
D.C. 1980, INC. (d/b/a "CVA" and/or "Connecticut )
Valley Arms"),                              )
and                                         )
SPORTS SOUTH, LLC, previously known as and  )
successor in interest to Sports South, Inc., )
and                                         )
SPORTS SOUTH, INC., presently known as and  )
predecessor in interest to Sports South, LLC, )

            Defendants.

## DEMURRERS, PLEA OF THE STATUTE OF LIMITATIONS, AND ANSWER OF WAL-MART STORES EAST, LP

### DEMURRERS

1.    Wal-Mart demurs to the claim for attorney's fees on the grounds of the American Rule.

2.    Wal-Mart demurs to the claim for punitive damages as there are no allegations in the Complaint against Wal-Mart that would allow punitive damages to be awarded against Wal-Mart.

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

## PLEA OF THE STATUTE OF LIMITATIONS

COMES NOW Wal-Mart Stores East, LP (hereinafter "Wal-Mart"), by counsel, and files this its plea of the statute of limitations, as follows:

1.        The Complaint is barred by the two-year bodily injury statute of limitations.  The Complaint recites that the Complaint was originally filed within the two-year bodily injury statute of limitations, on October 24, 2012.  The Complaint further recites that the Complaint was non-suited on October 28, 2013.  The Summons indicates that the Complaint was re-filed on or about April 10, 2015.  Accordingly, the non-suited Complaint was not re-filed within six months as required in order to be timely.

2.        The Complaint is also time-barred by § 8.2-725 of the Code of Virginia, in that the Complaint recites that tender of delivery of the rifle was made in October 2001 and the original Complaint was not filed until October 24, 2012.

## ANSWER OF WAL-MART

Without waiving its Plea of the Statute of Limitations hereinabove, but expressly relying upon same, comes now Wal-Mart and files this its Answer to the Complaint, as follows:

1.        Wal-Mart denies that it is liable to the plaintiff for any of the amounts alleged in the Complaint or for any other sum whatever.  In this regard, Wal-Mart denies that it is liable for compensatory damages; punitive damages; treble damages; pre-judgment interest; attorney's fees; or costs and expenses.

2.        Wal-Mart denies that it or any of its agents, servants or employees were guilty of any act of negligence which was a proximate cause of the accident alleged in the Complaint or the injuries allegedly sustained by the plaintiff.

3.        Wal-Mart denies that it breached any warranty, express or implied, to the plaintiff.

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

4.     Wal-Mart denies that it failed to warn the plaintiff under any circumstances in which a warning was required of Wal-Mart.

5.     Wal-Mart denies that it committed any violation of the Virginia Consumer Protection Act.

6.     Wal-Mart denies that it is liable in strict liability, and further denies that the sale of the rifle in question was an ultrahazardous activity.

7.     Wal-Mart denies that it or any of its agents, servants or employees breached any legal duty owed to the plaintiff.

8.     Wal-Mart denies all allegations in the Complaint to the effect that Wal-Mart is in any way liable to the plaintiff for the injuries allegedly sustained in the accident in question.

9.     Wal-Mart does not have sufficient information to either admit or deny the allegations of the Complaint to the effect that Wal-Mart sold the product in question to the plaintiff or to anyone else, and accordingly calls upon the plaintiff for strict proof of all such allegations.

10.     Wal-Mart denies that any alleged breach of warranty or negligence was a proximate cause of the alleged accident or the alleged injuries suffered by the plaintiff.

11.     Wal-Mart alleges that the plaintiff's claim against Wal-Mart is barred by the failure of the plaintiff to give timely notice to Wal-Mart of the alleged breach, as required by law.

12.     Wal-Mart alleges that any difficulty experienced by the plaintiff in connection with the use of the product in question came about as a result of the improper, abnormal, and/or unintended use and/or maintenance of the product in question.

13.     Wal-Mart denies any portion of the Complaint that alleges, or attempts to allege, that the product in question was in any way defective at the time the product left the hands of Wal-Mart.

14.     Wal-Mart alleges that the injuries alleged by the plaintiff resulted solely from the negligence of other parties for whose negligence Wal-Mart is not responsible.

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

15.     With regard to the negligence allegations against Wal-Mart in the Complaint, Wal-Mart alleges that the plaintiff's claim is barred by the plaintiff's own contributory negligence.

16.     Wal-Mart denies that the product in question was defective or was "unreasonably dangerous" when it left the hands of Wal-Mart.

17.     Wal-Mart denies that it has been guilty of any act or acts that would allow the plaintiff to recover any judgment against it in this action.

18.     Wal-Mart denies that the plaintiff was injured and damaged to the extent and with the consequences alleged in the Complaint and, therefore, calls upon the plaintiff for strict proof of all alleged damages.

19.     Wal-Mart does not have sufficient information to either admit or deny the allegations of Paragraphs 1 through 5 of the Complaint, and calls upon the plaintiff for strict proof thereof.

20.     With regard to numbered Paragraph 6, Wal-Mart admits that it is a foreign non-resident corporation with its principal place of business in Bentonville, Arkansas.

21.     Wal-Mart does not have sufficient information to admit or deny Paragraphs 7 through 9 of the Complaint.

22.     With regard to Paragraph 10, Wal-Mart admits that it is subject to the jurisdiction of this Court.

23.     Wal-Mart does not have sufficient information to admit or deny Paragraph 11.

24.     With regard to Paragraph 12, Wal-Mart does not have sufficient information to admit or deny the allegations therein and calls upon the plaintiff for strict proof of all such allegations.

25.     The allegations of Paragraph 13 are denied.

26.     Wal-Mart denies the allegations of Paragraphs 14 through 21 expect for Paragraphs 17, 18 and 19, which are allegations of legal duties rather than factual allegations. Such legal allegations are generally accurate statements of the law.

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

27.     With regard to Paragraph 22, Wal-Mart denies that the plaintiff was injured and damaged as alleged and calls upon the plaintiff for strict proof of all such allegations.

28.     The allegations in Paragraph 23 are denied.

29.     Wal-Mart denies all allegations of Counts II, III, IV, and V of the Complaint.

30.     Wal-Mart denies all allegations of Count VI of the Complaint.

31.     Wal-Mart denies all allegations of Count VII of the Complaint.

32.     Wal-Mart denies all allegations of Count VIII of the Complaint.

33.     With regard to Count IX of the Complaint, Wal-Mart denies that the sale of firearms is an inherently dangerous or ultrahazardous activity.  All allegations of Count IX are denied.

34.     All allegations of the Complaint not specifically admitted herein are denied as they relate to Wal-Mart.

35.     Wal-Mart demands a trial by jury.

WAL-MART STORES EAST, LP

By: _____
                Of Counsel

J. Rudy Austin (VSB No. 3312)
GENTRY LOCKE
900 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia  24022-0013
(540) 983-9300
Fax: (540) 983-9400
Email:  austin@gentrylock.com

Counsel for Defendant
    Wal-Mart Stores East, LP

CERTIFICATE OF SERVICE

I hereby certify that on the _27ᵗʰ_ day of  May, 2015, I served the foregoing pleading upon

Timothy E. Kirtner, Esq., GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, Post Office

GENTRY LOCKE
Attorneys

ROANOKE, VIRGINIA

POSTED

Box 878, Pulaski, VA 24301, and Joseph H. McGrady, Esq., McGrady & McGrady, Post Office Box 605, Hillsville, VA 24343, counsel of record for the plaintiff, by placing a true and correct copy thereof in an envelope with proper postage affixed thereto, and depositing said envelope in a regular depository for the United States mail, properly addressed.

_____
Of Counsel

FILED ROANOKE COUNTY
CIRCUIT COURT
CLERKS OFFICE
2015 APR 29 PM 12: 14

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA



**GENTRY LOCKE**
                                    *Attorneys*

P.O. Box 40013
Roanoke, VA 24022-0013

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE

2015 APR 29 PM 12: 14

Janice Jessup, Interim Clerk
Circuit Court of Carroll County
Post Office Box 218
Hillsville, VA 24343

2434380218 B003

# GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P.

ATTORNEYS AND COUNSELLORS AT LAW
MIDTOWN PROFESSIONAL OFFICE BUILDING
65 EAST MAIN STREET
POST OFFICE BOX 878
PULASKI, VIRGINIA 24301

TIMOTHY E. KIRTNER
Extension 29
tkirtner@gsish.com

TELEPHONE (540) 980-1360
FACSIMILE NO. (540) 980-5264

April 28, 2015

Janice Jessup, Interim Clerk
Circuit Court of Carroll County
P. O. Box 218
Hillsville, VA  24343-0218

> **Re:** ***Charles David King v. BPI, Dikar S. Coop, et al.***
> **Case No. CL14-127**

Dear Ms. Jessup:

We enclose a service return, which we will appreciate your filing in the above matter.

Thank you for your cooperation and assistance.

Sincerely yours,

*Bonnie*

Bonnie Meredith
Legal Assistant

/brm
Enclosure

2015 APR 30  PM 12: 08

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE

**POSTED**

## AFFIDAVIT OF SERVICE

*State of Virginia*          *County of Carroll*          *Circuit Court*

**Case No. CL14000127-00**

**Plaintiff(s):**

**King**

**Vs.**

**Defendants(s):**

**Blackpowder Products, Inc.**

I, Karen L. Rice, a Private Process Server, being duly sworn, depose and say, I have been duly authorized to make service of the documents listed in the above entitled case, I am over the age of eighteen years and am not a party to or otherwise interested in this matter.

SERVE TO: Wal-Mart Stores East LP c/o CT Corporation System (Registered Agent)

ADDRESS: 4701 Cox Road – Glen Allen, VA 23060

SERVED: Lisa Uttech (Authorized Agent)

DESCRIPTION: White-Female-35 yrs-5'5"-160 lbs-Brown Hair

DATE: April 23, 2015

TIME: 11:10 p.m.

DOCUMENTS: Summons & Complaint

I do solemnly declare and affirm under penalty of perjury that the information set forth herein is correct to the best of my knowledge, information and belief.

Karen L Rice

Subscribed and sworn to before me on

The 23rd day of April 2015 by affiant

Who is personally known to me.

NOTARY PUBLIC

My commission expires: June 30 2016

Process Server

Richmond Court Services

7742 Robinwood Drive

Chesterfield, VA 23832

(804) 271-1442


KENNETH V. CONDREY
NOTARY PUBLIC- VIRGINIA
CHESTERFIELD COUNTY
MY COMMISSION EXPIRES: 6 30 16
REGISTRATION #347169



2015 APR 30 PM 12: 09

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE

POSTED

# Service Authorization

CT Corporation System is registered agent for various corporations, limited liability companies and partnerships. The following persons are designated in the office of the corporation upon whom any process, notice or demand may be served as representatives of the Corporation.

Katie Bush

Teresa Brown

Lisa Uttech

This authorization pertains to the authority of individuals to receive process on behalf of CT Corporation System, Business Filings Incorporated, and National Registered Agents, Inc. It does not certify the receipt or acceptance of any specific process.

Lisa Uttech
Corporate Operations Manager
CT Corporation System
A Wolters Kluwer Company

State of Virginia
County of Henrico

This day personally appeared before me, Lisa Uttech, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this _5th_ day of _December_ _____, 2013

#286304

Notary Public

COMMISSION EXP : 8/31/17

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL14000127-00

CARROLL COUNTY CIRCUIT COURT

605 PINE STREET   P.O. BOX 218 HILLSVILLE VA 24343
ADDRESS

TO:

WAL-MART STORES EAST, LP

CT CORPORATION SYSTEM, REGISTERED AGENT

4701 COX ROAD, SUITE 285

GLEN ALLEN, VIRGINIA 23060

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

| APRIL 10, 2015 | JANICE JESSUP, INTERIM | Clerk |
|---|---|---|
| DATE | | |

by _____
DEPUTY CLERK

Instructions: _____
_____
_____

Hearing Official: _____

GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P.
ATTORNEYS AND COUNSELLORS AT LAW
P.O. BOX 878
PULASKI, VIRGINIA 24301

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE

2015 APR 30 PM 12: 09

GREENSBORO
NC 274
28 APR '15
PM 7 L

Janice Jessup, Interim Clerk
Circuit Court of Carroll County
P. O. Box 218
Hillsville, VA  24343-0218



# FRITH
# ANDERSON
# & PEAKE PC

ATTORNEYS AT LAW

TELEPHONE 540.772.4600
FACSIMILE 540.772.9167
WPEAKE@FAPLAWFIRM.COM
DIRECT DIAL 540.725.3362

29 FRANKLIN ROAD, SW
ROANOKE, VIRGINIA 24011
P.O.BOX 1240
ROANOKE, VIRGINIA 24006-1240

May 5, 2015

Carolyn H. Honeycutt
Carroll County Circuit Court
P.O. Box 218
Hillsville, VA 24343-0218

> **Re:    Charles David King, Jr. v. Blackpowder Products, INC., et al.**
> **Case No. CL14-127**

Dear Ms. Honeycutt:

Enclosed for filing with your office is Defendant's "Notice of Filing Notice of Removal" in the above referenced action.

Should you have any questions, please do not hesitate to contact us.

                              Sincerely,

                              FRITH ANDERSON & PEAKE PC

                              *Walter H. Peake III*

                              Walter H. Peake, III

WHP/kpa
Enclosures
c:       Timothy Kirtner, Esq. (Via E-mail and First Class Mail)
         J. Rudy Austin, Esq. (Via E-mail and First Class Mail)
         Julie V. Andrews, Esq. (Via E-mail)



2015 MAY -6 PM 3: 55

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE

POSTED

VIRGINIA:

## IN THE CIRCUIT COURT OF CARROLL COUNTY

CHARLES DAVID KING, JR.,                )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )    Case No.: CL14-127
                                        )
BLACKPOWDER PRODUCTS, INC.,             )
et al.,                                 )
                                        )
    Defendants.                         )

## **NOTICE OF FILING NOTICE OF REMOVAL**

      COMES NOW Defendant Blackpowder Products, Inc., ("Defendant"), by and through undersigned counsel, and hereby notifies this Court that Defendant removed the above-styled action to the United States District Court for the Western District of Virginia, Roanoke Division. Pursuant to 28 U.S.C. § 1446 (d), a copy of the Notice of Removal is attached.

                     Respectfully submitted,

                     BLACK POWDER PRODUCTS, INC.

                 By: _____
                             Of Counsel   For WHP

Walter H. Peake, III (VSB No. 26379)
FRITH ANDERSON & PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone:    540/772-4600
Fax:      540/772-9167
wpeake@faplawfirm.com
jandrews@faplawfirm.com
*Attorney for Defendants Blackpowder Products, Inc.,*
*Connecticut Valley Arms, Inc., D.C. 1980, Inc.,*
*Sports South, LLC, and Sports South, Inc.*

FILED CARROLL COUNTY CIRCUIT COURT CLERKS OFFICE 2015 MAY -6 PM 3: 55

POSTED

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May, 2015, I served by First Class Mail the foregoing Notice of Filing Notice of Removal upon:

Timothy E. Kirtner
Virginia Bar No. 36938
GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON
P.O. Box 878
Pulaski, VA 24301
Phone: (540) 980-1360
Fax: (540) 980-5264
Email: tkirtner@gsish.com
*Counsel for Plaintiff*

J. Rudy Austin
Virginia Bar No. 3312
*Attorney for Wal-Mart Stores East, LP*
GENTRY LOCKE, P.C.
900 SunTrust Plaza
P.O. Box 40013
Roanoke, VA 24022
Phone: (540) 983-9300
Fax: (540) 983-9400
E-mail: austin@gentrylocke.com

_____
Of Counsel   For WHP

2015 MAY -6 PM 3: 56

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE


POSTED

| | | |
|---|---|---|
| CHARLES DAVID KING, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | **FILE NO.:** |
| | ) | |
| BLACKPOWDER PRODUCTS, INC., | ) | |
| (d/b/a "CVA" and/or "Connecticut | ) | |
| Valley Arms"), | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIKAR S. COOP., LTDA., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | **NOTICE OF REMOVAL** |
| | ) | |
| and | ) | |
| | ) | |
| CONNECTICUT VALLEY | ) | |
| ARMS, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| D.C. 1980, INC., (d/b/a "CVA" and/or | ) | |
| "Connecticut Valley Arms"), | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SPORTS SOUTH, LLC, previously | ) | |
| known as and successor in interest | ) | |
| to Sports South, Inc., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SPORTS SOUTH, INC., presently | ) | |
| known as and predecessor in interest | ) | |
| to Sports South LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Case 7:15-cv-00212-GEC   Document 9   Filed 05/15/15   Page 76 of 109   Pageid#: 176

## NOTICE OF REMOVAL

Defendant Blackpowder Products, Inc., ("BPI"), pursuant to 28 U.S.C. § 1441, *et seq.*, hereby removes the above-captioned case from the Circuit Court of Carroll County, Virginia, and shows to this Court the following:

1.  Plaintiff filed this action against BPI, *et al.*, on April 2, 2014, in the Circuit Court of Carroll County, Virginia, which is designated there as Civil Action File No. CL14-127.

2.  Plaintiff attempted service on BPI through the Secretary of the Commonwealth effective April 17, 2015. This notice is timely and is being filed within thirty (30) days of receipt of the Summons and Complaint.

3.  Plaintiff alleges he is a resident of the State of Virginia. For purposes of diversity, Plaintiff is a citizen of the State of Virginia and is domiciled in Virginia, both on the date of the filing of this action and on the date of the filing of this Notice of Removal.

4.  BPI is incorporated under the laws of the State of Georgia, and has its principal place of business in the State of Georgia. For purposes of diversity of citizenship, BPI was a citizen of the State of Georgia both on the date of the filing of this action and on the date of the filing of this Notice of Removal.

5.  Defendant Wal-Mart Stores East, LP is incorporated under the laws of the State of Delaware, and has its principal place of business in the State of Arkansas. For purposes of diversity of citizenship, Wal-Mart was a citizen of both the State of Arkansas and the State of Delaware both on the date of the filing of this action and on the date of the filing of this Notice of Removal.

6.  Defendant Dikar S. Coop., LTDA ("Dikar") has neither been properly served, nor can it be properly served, and therefore its joinder in or consent to removal is unnecessary.

However, Dikar is a cooperative in the country of Spain, and has its principal place of business in Spain. Thus, for purposes of diversity of citizenship, Dikar was a citizen of Spain both on the date of the filing of this action and on the date of the filing of this Notice of Removal.

7.    Defendant Connecticut Valley Arms, Inc. ("CVA") is incorporated under the laws of the State of Georgia, and has its principal place of business in the State of Georgia. For purposes of diversity of citizenship, CVA was a citizen of the State of Georgia both on the date of the filing of this action and on the date of the filing of this Notice of Removal.

8.    Defendant D.C. 1980, Inc. ("DC") is incorporated under the laws of the State of Georgia, and has its principal place of business in the State of Georgia. For purposes of diversity of citizenship, DC was a citizen of the State of Georgia both on the date of the filing of this action and on the date of the filing of this Notice of Removal.

9.    Defendant Sports South, LLC is incorporated under the laws of the State of Louisiana, and has its principal place of business in the State of Louisiana. Sports South, LLC is the successor in interest to Sports South, Inc. For the purposes of diversity of citizenship, Sports South, LLC has two members, both of whom were domiciled in and citizens of Louisiana both on the date of the filing of this action and on the date of the filing of this Notice of Removal.

10.    As alleged in Plaintiff's Complaint, Defendant Sports South, Inc. was a predecessor in interest to Sports South, LLC. Sports South, Inc., is no longer in existence and thus has neither been properly served, nor can it be properly served, and therefore its joinder or consent to removal is unnecessary.

11.    This action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12.     Jurisdiction exists in this Court because of diversity of citizenship, which existed both at the time of the filing of this action and at the time of the filing of this Notice of Removal. 28 U.S.C. § 1332.

13.     This action may be removed to this Court by BPI pursuant to the provisions of 28 U.S.C. § 1441.

14.     All Defendants served, or which can be properly served, in this action consent to removal. See "Consent as to Blackpowder Products, Inc.'s Notice of Removal," attached hereto as Exhibit "A."

15.     Promptly upon the filing of this Notice of Removal, BPI shall give written notice thereof to Plaintiff and shall file a copy of this Notice of Removal with the clerk of Carroll County, Virginia, as provided by 28 U.S.C. § 1446 (d).

16.     A copy of all process, pleadings and orders served in the state court action are attached hereto as Exhibit "B."

**WHEREFORE**, BPI respectfully requests that this Court proceed with the case and that BPI have such other and further relief as is just and proper.

Respectfully submitted,

BLACKPOWDER PRODUCTS, INC.

_/s/ Walter H. Peake, III_

Walter H. Peake, III (VSB No. 26379)
Julie V. Andrews, Esquire (VSB No. 82767)
FRITH, ANDERSON & PEAKE, P.C.
29 Franklin Rd., S.W.
Roanoke, VA 24011
Phone: (540) 725-3362
Fax: (540) 7729167
E-mail: wpeake@faplawfirm.com
E-mail: jandrews@faplawfirm.com
*Attorney for Defendant Blackpowder Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th of May, 2015, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

following:

Timothy E. Kirtner
Virginia Bar No. 36938
GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON
P.O. Box 878
Pulaski, VA 24301
Phone: (540) 980-1360
Fax: (540) 980-5264
Email: tkirtner@gsish.com
*Counsel for Plaintiff*

J. Rudy Austin
Virginia Bar No. 3312
GENTRY LOCKE, P.C.
900 SunTrust Plaza
P.O. Box 40013
Roanoke, VA 24022
Phone: (540) 983-9300
Fax: (540) 983-9400
E-mail: austin@gentrylocke.com
*Counsel for Wal-Mart Stores East, LP*

_____/s/ Walter H. Peake, III_____
Of counsel

2015 MAY -6 PM 3: 56
FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE

POSTED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| CHARLES DAVID KING, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) **CIVIL ACTION** |
| v. | ) **FILE NO.:** |
| | ) |
| BLACKPOWDER PRODUCTS, INC., | ) |
| (d/b/a "CVA" and/or "Connecticut | ) |
| Valley Arms"), | ) |
| | ) |
| and | ) |
| | ) |
| DIKAR S. COOP., LTDA., | ) |
| | ) |
| and | ) |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| and | ) |
| | ) |
| CONNECTICUT VALLEY | ) |
| ARMS, INC., | ) |
| | ) |
| and | ) |
| | ) |
| D.C. 1980, INC., (d/b/a "CVA" and/or | ) |
| "Connecticut Valley Arms"), | ) |
| | ) |
| and | ) |
| | ) |
| SPORTS SOUTH, LLC, previously | ) |
| known as and successor in interest | ) |
| to Sports South, Inc., | ) |
| | ) |
| and | ) |
| | ) |
| SPORTS SOUTH, INC., presently | ) |
| known as and predecessor in interest | ) |
| to Sports South LLC, | ) |
| | ) |
|     Defendants. | ) |

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE
2015 MAY -6 PM 3: 56

{924/0001/JAVS/00329094.DOC }

1

POSTED

EXHIBIT
A

## CONSENT AS TO BLACKPOWDER PRODUCTS, INC.'S NOTICE OF REMOVAL

COME NOW Wal-Mart Stores East, LP, Connecticut Valley Arms, Inc., D.C. 1980, and Sports South LLC (formerly Sports South, Inc.), identified as Defendants in this lawsuit, by and through undersigned counsel, and hereby consent to Blackpowder Product Inc.'s removal from the Circuit Court of Carroll County, State of Virginia to the United States District Court for the Western District of Virginia, Roanoke Division. By signing this Consent, Defendants confirm that they are not citizens of Virginia.

Respectfully submitted this 5th day of May, 2015.

<div style="margin-left: 50%;">

/s/ J. Rudy Austin

J. Rudy Austin
Virginia Bar No. 3312
GENTRY LOCKE, P.C.
900 SunTrust Plaza
P.O. Box 40013
Roanoke, VA 24022
Phone: (540) 983-9300
Fax: (540) 983-9400
E-mail: austin@gentrylocke.com
*Counsel for Wal-Mart Stores East, LP*


/s/ Walter H. Peake, III

Walter H. Peake, III
Virginia Bar No. 26379
FRITH, ANDERSON & PEAKE, P.C.
29 Franklin Rd., S.W.
Roanoke, VA 24011
Phone: (540) 725-3362
Fax: (540) 7729167
E-mail: wpeake@faplawfirm.com
*Attorney for Defendant Blackpowder Products, Inc.*

</div>

VIRGINIA: IN THE CIRCUIT COURT FOR THE COUNTY OF CARROLL

CHARLES DAVID KING, JR.,          :
                                   :

     Plaintiff                  :
                                   :

v.                              :        Case No._____
                                   :

BLACKPOWDER PRODUCTS, INC.,    :
(d/b/a "CVA" and/or "Connecticut
Valley Arms")

and

DIKAR S. COOP., LTDA.

and

WAL-MART STORES EAST, LP

and

CONNECTICUT VALLEY ARMS, INC.

and

D.C. 1980, Inc., (d/b/a "CVA" and/or
"Connecticut Valley Arms")

and

SPORTS SOUTH, LLC, previously known
as and successor in interest to Sports South,
Inc.,

and

SPORTS SOUTH, INC., presently known
as and predecessor in interest to Sports
South, LLC

     Defendants.

VALIDATE CASE PAPERS
:RCPT : 14000003513
:DATE : 04/23/14 TIME: 15:50
:CASE : 035CL14000127-00
:ACCT : KING: CHARLES DAVID,
:AMT. :       $344.00

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE
2015 MAY -6 PM 3: 56

Page 1 of 19

EXHIBIT
B

## COMPLAINT

**COMES NOW** the Plaintiff, Charles David King, Jr., (hereinafter "Plaintiff"), by counsel, and for his complaint against the Defendants, individually, and jointly and severally, states as follows:

1.  This Complaint was originally filed in the Carroll County Circuit Court on October 24, 2012. Plaintiff filed a Motion for Nonsuit on October 24, 2013, and a voluntary nonsuit was granted on October 28, 2013.

2.  Your Plaintiff is, and was at all times relevant hereto, a resident of the County of Carroll, Commonwealth of Virginia.

3.  Defendant, Blackpowder Products, Inc. (hereinafter "Blackpowder"), is a Georgia corporation that does not maintain a registered agent in Virginia, and is not authorized to transact business in the Commonwealth of Virginia. Blackpowder's corporate headquarters is in Duluth, Georgia. Upon information and belief, Blackpowder is a successor corporation to Connecticut Valley Arms and/or D. C. 1980, Inc.

4.  Defendant, Connecticut Valley Arms, Inc. (hereinafter "CVA"), is a Georgia corporation that does not maintain a registered agent in Virginia, and is not authorized to transact business in the Commonwealth of Virginia. CVA's corporate headquarters is in Duluth, Georgia. Upon information and belief, CVA is a predecessor and/or sister and/or subsidiary corporation to Blackpowder.

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

5. Defendant, D. C. 1980, Inc. (hereinafter "D. C. 1980"), is a Georgia corporation that does not maintain a registered agent in Virginia, and is not authorized to transact business in the Commonwealth of Virginia. D. C. 1980's corporate headquarters is in Dunwoody, Georgia. Upon information and belief, D. C. 1980 is a predecessor and/or sister and/or subsidiary corporation to Blackpowder.

6. Defendant, Wal-Mart Stores East, LP (hereinafter "Wal-Mart"), is a Delaware limited partnership, having its headquarters in Bentonville, Arkansas. Wal-Mart is authorized to transact business in the Commonwealth of Virginia, and maintains a registered agent in Virginia.

7. Sports South, Inc., and Sports South, LLC (collectively referred to as "Sports South") are entities organized and existing under the laws of the State of Louisiana and having their corporate headquarters in Shreveport, Louisiana. Sports South does not have a registered agent in Virginia, and is not authorized to transact business in Virginia.

8. Defendant, Dikar S. COOP., LTDA. (hereinafter "Dikar"), is a Spanish corporation that does not maintain a registered agent in Virginia, and is not authorized to transact business in the Commonwealth of Virginia. Dikar's corporate headquarters is in Bergara, Gipuzkoa, Spain.

9. Dikar is in the business of manufacturing guns, including specifically blackpowder muzzleloading rifles, for distribution and ultimate retail sale in the United States. Dikar has exclusively distributed its guns in the

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

United States through Defendants D. C. 1980, CVA, and Blackpowder. Wal-Mart Stores East, LP, operates retail stores throughout the United States, including stores in the Commonwealth of Virginia, and among the products offered for retail sale to the public are and have been, blackpowder muzzleloading rifles manufactured by Dikar and distributed through D. C. 1980, CVA, and Blackpowder. Dikar knows, and intends, when it delivers its firearms to the other Defendants for distribution that the firearms will be placed into the stream of commerce and sold throughout the United States, including the Commonwealth of Virginia.

10.     On or about October 2001, Plaintiff purchased a "Connecticut Valley Arms Staghorn" (the "rifle") 50 caliber muzzleloader from a Wal-Mart Store in Galax, Virginia. The rifle was manufactured by Dikar and distributed in the United States by Blackpowder, CVA and/or D. C. 1980 to Sports South, who, in turn, sold/distributed the rifle to Wal-Mart. The rifle was marketed under the Connecticut Valley Arms brand name, and bore the serial number 61-13-070684-01. By distributing the rifle for sale and selling the rifle in the Commonwealth of Virginia, Defendants, and each of them, did "transact business" in the Commonwealth of Virginia within the meaning of §8.01-328.1(A)(1) of *The Code of Virginia*, and "supply things" within the meaning of §8.01-378(1)(A)(2). In addition to the sale of the rifle, Defendants regularly transacted business within the Commonwealth of Virginia through the sale of thousands of firearms and other retail products

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

each year. They are thus subject to this Court's jurisdiction pursuant to §s8.01-328.1(A)(1, 2, and 4) of *The Code of Virginia.*

11.     The rifle barrel bore a proof stamp from the House of Eibar, a proof testing laboratory in Spain. The application of this proof stamp was intended to represent to ultimate purchasers, including your Plaintiff, of the rifle that the rifle barrel had been proof tested by the House of Eibar, and was further intended to represent that the barrel had a sufficient metallurgical structure, composition and makeup, as well as a proper design, to safely withstand the forces generated by the discharge of the rifle. Upon information and belief, although the rifle barrel bore a proof stamp from the House of Eibar, the barrel itself was never proof tested by the House of Eibar or any other proof testing laboratory.

12.     On October 28, 2010, Plaintiff loaded the rifle, in a manner consistent with the instructions provided with the rifle, and attempted to fire the rifle. Upon pulling the trigger to discharge the rifle, the rifle barrel ripped apart near where Plaintiff's left hand was holding the rifle. As a result of the barrel of the rifle exploding and violently ripping apart, Plaintiff suffered devastating injuries to his left hand. The severity of the injuries was such that Plaintiff lost his thumb and index finger on his left hand. Plaintiff has been permanently deformed and disfigured. He has suffered severe pain, emotional anguish, embarrassment, and has been required to undergo extensive medical care and treatment. He was, for a time, prevented from

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

engaging in his normal occupation and, as a result thereof, suffered a loss of income.

13. The rifle, and specifically the barrel of the rifle, manufactured by Dikar and distributed by Blackpowder, CVA, and D. C. 1980, and Sports South, and sold by Wal-Mart, was defective in its design, testing and manufacture. The defects in the rifle included, but were not limited to, the barrel of the gun, in its structural and metallurgical composition, not being designed to withstand forces normally generated by the discharge of a 50 caliber muzzleloading rifle; the barrel not being properly manufactured to withstand those forces; the barrel of the rifle being manufactured from substandard metal; the barrel of the rifle having defects caused by the design and manufacture of the rifle; and the firing mechanism of the rifle being defectively designed and manufactured.

## COUNT I

14. Plaintiff realleges and repleads all those allegations contained and set forth in paragraphs 1 through 12 above with the same force and effect as though they were herein fully and specifically set forth in detail.

15. Defendants expected the subject rifle to reach consumers or users in the condition in which it was at the time of sale.

16. Said rifle was in a defective condition and unreasonably and inherently dangerous when it left the hands of each of the Defendants in that said rifle was inadequately designed, constructed, assembled, manufactured, tested

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

and inspected, such that the rifle would not function in a proper and safe manner, thereby posing a danger to its users.

17. At the time of all the events recited herein, it was the duty of each of the Defendants, and the duty of their agents, servants, employees and/or representatives, to use ordinary care, caution, diligence and safety in the design, composition, construction, assembly, manufacture, testing, distribution, marketing, maintenance, and/or sale of the rifle in a manner which would render it safe for its intended and foreseeable uses and to be free of defects in materials and workmanship.

18. It was further the duty of the Defendants to make such reasonable inspections and testings of the rifle after its design, manufacture and assembly, but before its delivery for ultimate sale to the consuming public, so as to reasonably ascertain that it was safe and proper for the use and operation contemplated and intended therefor. It was especially the duty of the Defendants to make such reasonable testing as to ascertain or discover any defects therein, including, but not limited to, all components, parts and assemblies thereof.

19. Plaintiff had a right to and reasonably did place his reliance upon the proper performance of the aforesaid duties by the Defendants.

20. Notwithstanding these duties, Defendants did carelessly and negligently design, construct, assemble, compose, manufacture, test, distribute, market, maintain and/or sell the rifle so as to render it defective, dysfunctional, and

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 7 of 19

unsafe for its intended foreseeable use and dangerous to its user, and further the rifle was defective in materials and workmanship. The rifle was unreasonably dangerous for use by Plaintiff, who was unaware of the dangers, hazards, and perils of the rifle.

21.     Defendants, through their agents, servants, employees and/or representatives, were otherwise negligent in the design, construction, assembly, manufacture, testing, marketing, distribution, delivery, inspection, and/or sale of the rifle, which was defective and not reasonably safe for its intended and foreseeable use and greatly endangered its user.

22.     As a direct and proximate result of the Defendants' breaches of duties to Plaintiff, as aforesaid, Plaintiff sustained serious, grievous, violent, and permanent injuries and damages, to-wit:

a.     He sustained devastating injuries to his left hand and, specifically, to his left thumb and index finger, resulting in the index finger and thumb being amputated completely, rendering his left hand of minimal use and causing him grievous pain and suffering and great inconvenience, embarrassment, humiliation, disfigurement, deformity, and other bodily dysfunctions in the past and for his reasonably expected future life;

b.     He suffered severe psychological injuries and much mental anguish in the past and can be reasonably expected to have to endure those psychological injuries and mental anguish for the rest of his life;

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 8 of 19

c. He has, on account of these injuries, been required to undergo hospital care, including surgical procedures, medical care, physical therapy, and medication therapy, and it is reasonably expected he will have to continue with such in the future, all at great expenditure of funds, financial hardship, much inconvenience, and further pain and suffering in the days and years ahead;

d. He has suffered a substantial monetary loss and other financial impairment because these injuries rendered him unable for a period of time to earn a livelihood, and have diminished his capacity to be gainfully employed, both in the past and in the future;

e. He has been forced to curtail and/or restrict his physical, recreational, and social activities and pursuits because of his injuries, and has been required to alter his lifestyle, reducing his enjoyment of life, which has been substantially diminished as a result of the injuries; and

f. He has otherwise been permanently injured, wounded, disabled and damaged because of Defendants' negligence, as aforesaid.

23. As a direct and proximate result of the defective and unreasonably dangerous condition of the rifle which the Defendants designed and manufactured and distributed for ultimate sale for use by Plaintiff, and as a direct and proximate result of the negligence on the part of all the

GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P. ATTORNEYS AT LAW PULASKI, VIRGINIA

Defendants, Plaintiff has been substantially and permanently wronged, injured, and damaged.

## COUNT II

24.     Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 22 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

25.     Defendants, at all times herein described, acting through their agents, servants, employees and/or representatives, through the documentation provided with the rifle, and through the proof stamping affixed to the rifle, and otherwise expressly warranted that the rifle, including, but not limited to, all related parts and components thereof, had been properly designed, constructed, manufactured, assembled, tested, inspected, advertised, marketed, sold, and distributed, and that the same were safe, and that the same could be used by Plaintiff for the uses and purposes normally contemplated. These warranties and representations were reasonably relied upon by Plaintiff.

26.     The said rifle designed, manufactured, marketed and distributed by the Defendants was not free of defects in material, workmanship, and design; rather, it was defective and not usable for the purpose for which it was distributed and/or sold. Such condition constituted a breach of Defendants' express warranties.

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 10 of 19

27. By reason of the events aforesaid and as a direct and proximate result of the breach of the aforesaid express warranties made by the Defendants, and each of them, Plaintiff has been seriously and permanently aggrieved, wronged, damaged and injured, as fully set forth in Count I.

## COUNT III

28. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 26 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

29. Defendants, at all times herein described, acting through their agents, servants, employees and/or representatives impliedly warranted that said rifle, including, but not limited to, all the related parts and components thereof was and were of merchantable quality, and they, including the materials of which it and they were constructed, were fit, safe and in proper condition for its and their intended and ordinary use, and for the particular purpose for which Plaintiff intended, and for the general purposes and uses for which it and they were designed, constructed, assembled, manufactured, tested, inspected, marketed, distributed, sold and/or delivered.

30. Plaintiff used the rifle in reasonable reliance on said implied warranties.

31. Defendants breached the aforesaid implied warranties in that the rifle, including its related components and parts, was not of merchantable quality and was unfit, unsafe, dangerous and unusable for their intended uses and purposes and/or reasonably foreseeable uses, or for the general purposes

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 11 of 19

and uses for which said rifle was intended. Such condition did not conform to the implied warranties made by Defendants and constituted a breach of Defendants' implied warranties of merchantability and implied warranties of fitness for a particular purpose.

32.  By reason of the aforesaid and as a direct and proximate result of the breach of the aforesaid implied warranties made by Defendants, and each of them, Plaintiff has been seriously and permanently aggrieved, wronged, damaged and injured, as fully set forth in Count I.

## COUNT IV

33.  Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 31 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

34.  Pursuant to §8.2-314 of *The Code of Virginia*, 1950, as amended, Defendants impliedly warranted that the aforesaid rifle was of merchantable quality, fit, safe and in proper condition for the ordinary use for which such rifle is designed and used. In reliance on such implied warranty of merchantability by Defendants, the rifle was purchased and used.

35.  The said rifle designed, manufactured and/or assembled by Defendants and used by Plaintiff was not of merchantable quality; and was defective in both materials and workmanship; it was unfit, unsafe, and unusable for the purpose for which the rifle was intended. Such condition of the rifle

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 12 of 19

constituted a breach of Defendants' implied warranties of merchantability as set forth in §8.2-314 of *The Code of Virginia*, 1950, as amended.

36. As a direct and proximate result of Defendants' breach, Plaintiff was seriously and permanently damaged, injured and disabled, as fully set forth in Count I.

## COUNT V

37. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 35 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

38. Pursuant to §8.2-315 of *The Code of Virginia*, 1950, as amended, Defendants impliedly warranted that the aforesaid rifle was fit for the purpose for which it was sold. At the time said rifle was purchased and used, Defendants knew or had reason to know that the rifle was going to be used and, based upon Defendants' skill and judgment to furnish suitable goods, Plaintiff used the rifle.

39. The rifle manufactured and/or assembled by Defendants, and used by Plaintiff, was not fit for its respective, particular purpose; rather, it was unfit, unsafe, and unusable for the particular purpose for which it was intended, and was defective in both materials and workmanship. Such condition of the rifle constituted a breach of Defendants' implied warranties of fitness for a particular purpose.

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 13 of 19

40. As a direct and proximate result of Defendants' breach, Plaintiff was seriously and permanently damaged, injured and disabled, as fully set forth in Count I.

## COUNT VI

41. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 39 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

42. It was further the duty of the Defendants to give the users of their aforesaid rifle reasonable warnings of the reasonably foreseeable dangers associated with use of this rifle, and particularly to warn, inform, instruct and apprise all foreseeable users, including Plaintiff, of the dangers of the defective, improper, unfit, malfunctioning and dangerous condition, design, assembly, composition and manufacture of said rifle, all of the foregoing when Defendants knew or in the exercise of reasonable care should have known that said rifle was defective, dangerous, unfit, and unsafe for the use and purpose for which it was intended, and for which said rifle was supplied.

43. Notwithstanding this duty, Defendants failed to adequately warn Plaintiff of the defective, improper, unfit, malfunctioning, and/or dangerous condition, design, construction, assembly, testing, inspection, and manufacture of said rifle, including, but not limited to, its parts and components related thereto; and that the said Defendants negligently failed to label and mark said rifle with appropriate warnings; did negligently fail to distribute, advertise,

GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P. ATTORNEYS AT LAW PULASKI, VIRGINIA

and/or disseminate materials, notices, recall letters and/or other communications so as to reasonably warn and inform and apprise potential users of said rifle and its component parts, and did particularly fail to reasonably warn, inform and apprise Plaintiff of the dangers therein of their defective design, assembly, manufacture, sale and/or defective conditions, all of the foregoing when Defendants knew or in the exercise of reasonable care should have known that the same was and/or were defective, dangerous, unfit, and unsafe for the uses and purposes for which it and they were intended.

44. As a direct and proximate result of Defendants' failure to adequately warn Plaintiff of said rifle's dangerous propensities, Plaintiff has been seriously and permanently wronged, damaged and injured, as more fully set forth in Count I.

## COUNT VII

45. Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 43 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

46. Plaintiff's purchase of the rifle was a consumer transaction within the meaning of the Virginia Consumer Protection Act, *The Code of Virginia*, §59.1-198, *et seq.* The proof stamp from the House of Eibar represented to consumers and to your Plaintiff specifically that the rifle had, in fact, been proof tested by the House of Eibar.

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 15 of 19

47. The application of the stamp from the House of Eibar when, in fact, the rifle barrel had not been inspected or proofed by the House of Eibar, constituted a misrepresentation of the "approval ... or certification of ..." the rifle within the meaning of §59.1-200(A)(2) of *The Code of Virginia.*

48. The application of the proof stamp of the House of Eibar when, in fact, the rifle barrel had not been inspected or proofed by the House of Eibar also constituted a misrepresentation that the rifle was of a "particular standard, quality [or] grade ..." within the meaning of §59.1-200(A)(6) of *The Code of Virginia.*

49. These misrepresentations are prohibited practices under the Virginia Consumer Protection Act and entitle Plaintiff to relief under the Act.

50. Pursuant to §59.1-204(A) of *The Code of Virginia*, since the act of applying the proof stamp where no proofing had actually occurred, was a willful violation of the Act, Plaintiff is entitled to an award of treble damages.

51. Regardless of whether the violations of the Act are found to be intentional, Plaintiff is entitled to an award of attorney's fees pursuant to §59.1-204(B) of *The Code of Virginia.*

52. As a direct and proximate result of Defendants' violations of the Virginia Consumer Protection Act, Plaintiff has been seriously and permanently wronged, damaged and injured, as fully set forth in Count I.

## COUNT VIII

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 16 of 19

53.     Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 51 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

54.     The Defendants' acts and omissions described constituted willful and wanton behavior and evinced a reckless disregard for the safety and wellbeing of your Plaintiff. As a consequence of the Defendants' willful and wanton behavior, Plaintiff is entitled to an award of punitive damages.

## COUNT IX

55.     Plaintiff realleges and repleads all the allegations set forth in paragraphs 1 through 53 above with the same force and effect as though they were herein fully and specifically again set forth in detail.

56.     The design, manufacture, distribution and sale of firearms are inherently dangerous and ultra hazardous activities. Defendants are strictly liable for injuries incurred by those, including your Plaintiff, who are properly using this inherently dangerous and ultra hazardous product.

57.     As a direct and proximate cause of Defendants' failure to adequately warn Plaintiff of said rifle's dangerous propensities, Plaintiff has been seriously and permanently wronged, damaged and injured, as more fully set forth in Count I.

Plaintiff demands a trial by jury.

**WHEREFORE**, for Counts I through IX combined, Plaintiff, Charles David King, Jr., demands judgment against Defendants, Blackpowder Products, Inc. d/b/a CVA

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 17 of 19

and/or Connecticut Valley Arms; Dikar S. COOP, LTDA.; Wal-Mart Stores East, LP; Connecticut Valley Arms, Inc.; D. C. 1980, Inc.; and Sports South, LLC, previously known as and successor in interest to Sports South, Inc.; and Sports South, Inc., presently known as and predecessor in interest to Sports South, LLC, jointly and severally: (1) for an award of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) in compensatory damages for all those wrongs, damages, and injuries, and for the reasons hereinabove set forth; (2) for treble damages pursuant to §59.1-204(A) of *The Code of Virginia;* (3) for an award of punitive damages in the amount of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00); (4) for an award of attorney's fees under the common law and pursuant to §59.1-204(B) of *The Code of Virginia*; (5) for an award of costs and expenses in his behalf expended; (6) for an award of interest from October 28, 2010; and (7) for such other and further relief as the Court deems appropriate.

Respectfully submitted,

CHARLES DAVID KING, JR.

By_____

Of Counsel

Timothy E. Kirtner  VSB # 36938
GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON
P. O. Box 878
Pulaski, VA  24301
540/980-1360 (telephone)
540/980-5264 (facsimile)

Joseph H. McGrady, VSB #13095
McGrady & McGrady
127 Mill Street

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

Page 18 of 19

P. O. Box 605
Hillsville, VA 24343
276/728-2591 (telephone)
276/728-2586 (facsimile)

Counsel for Plaintiff

GILMER, SADLER,
INGRAM, SUTHERLAND
& HUTTON, L.L.P.
ATTORNEYS AT LAW
PULASKI, VIRGINIA

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. .................................................................

(CLERK'S OFFICE USE ONLY)

Carroll County ........................................................................... Circuit Court

Charles David King, Jr., .............................. v./In re: ................. Dikar S. Coop., LTDA., et al.

**PLAINTIFF(S)**                                                                                  **DEFENDANT(S)**

I, the undersigned [ ] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Counterclaim
    [ ] Monetary Damages
    [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or
    driving privileges)
[ ] Removal of Case to Federal Court
**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
    [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[X] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW

[ ] Appeal/Judicial Review of Decision of
    (select one)
    [ ] ABC Board
    [ ] Board of Zoning
    [ ] Compensation Board
    [ ] DMV License Suspension
    [ ] Employee Grievance Decision
    [ ] Employment Commission
    [ ] Local Government
    [ ] Marine Resources Commission
    [ ] School Board
    [ ] Voter Registration
    [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

[ ] Adoption
    [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
    [ ] Annulment – Counterclaim/Responsive
        Pleading
[ ] Child Abuse and Neglect – Unfounded
    Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
    [ ] Complaint – Contested*
    [ ] Complaint – Uncontested*
    [ ] Counterclaim/Responsive Pleading
    [ ] Reinstatement –
        Custody/Visitation/Support/Equitable
        Distribution
[ ] Separate Maintenance
    [ ] Separate Maintenance Counterclaim

## WRITS

[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
    [ ] Guardian/Conservator
    [ ] Standby Guardian/Conservator
[ ] Trust (select one)
    [ ] Impress/Declare
    [ ] Reformation
[ ] Will (select one)
    [ ] Construe
    [ ] Contested

## MISCELLANEOUS

[ ] Appointment (select one)
    [ ] Church Trustee
    [ ] Conservator of Peace
    [ ] Marriage Celebrant
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
    [ ] Reinstatement pursuant to § 46.2-427
    [ ] Restoration – Habitual Offender or 3rd
        Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of U.S. Currency
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
    [ ] Correct Erroneous State/Local
    [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify) ...................................

```
VALIDATE CASE PAPERS
RCPT : 14000003543
DATE : 04/23/14 TIME: 15:50
CASE : 035CL14000127-00
AK'T  KING, CHARLES DAVID,
```

[ ] Damages in the amount of $ 1,850,000.00 .......................................... are claimed.

April 17, 2014
**DATE**

[ ] PLAINTIFF    [ ] DEFENDANT    [X] ATTORNEY FOR  [X] PLAINTIFF
                                          [ ] DEFENDANT

Timothy E. Kirter
**PRINT NAME**
Gilmer, Sadler, Ingram, Sutherland & Hutton
**ADDRESS/TELEPHONE NUMBER OF SIGNATOR**
P. O. Box 878, Pulaski, VA 24301  540/980-1360

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 10/12

## GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, L.L.P.

ATTORNEYS AND COUNSELLORS AT LAW
MIDTOWN PROFESSIONAL OFFICE BUILDING
65 EAST MAIN STREET
POST OFFICE BOX 878
PULASKI, VIRGINIA 24301

TIMOTHY E. KIRTNER
Extension 29
tkirtner@gsish.com

TELEPHONE (540) 980-1360
FACSIMILE NO. (540) 980-5264

April 22, 2014

```
VALIDATE CASE PAPERS
RCPT : 14000003513
DATE : 04/23/14 TIME: 15:50
CASE : 035CL14000127-00
ACCT : KING, CHARLES DAVID,
AMT. :        $344.00
```

Carolyn H. Honeycutt, Clerk
Circuit Court of Carroll County
P. O. Box 218
Hillsville, VA 24343-0218

**Re:** *Charles David King v. BPI, Dikar S. Coop, et al.*
**Case No. 035CL12000339-00**

Dear Carolyn:

Enclosed please find a Complaint for filing in the above matter. Also enclosed is our firm's check for the appropriate filing fee, as well as a self-addressed envelope for your convenience in sending us the filing receipt. Service is not requested at this time.

Thank you for your cooperation and assistance.

Sincerely yours,

Tim Kirtner

Timothy E. Kirtner  *brm*

/brm
Enclosure
cc:    Joseph H. McGrady, Esquire (w/copy of Complaint)

Case 7:15-cv-00212-GEC   Document 9   Filed 05/15/15   Page 103 of 109   Pageid#: 203

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**

Case No. CL14000127-00

Commonwealth of Virginia

CARROLL COUNTY Circuit Court

Charles David King, Jr.    v.    Connecticut Valley Arms
Dudley Moore, Registered Agent
1685 Boggs Road, Suite 300, Duluth, GA 30096

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:    ▣ Summons and Complaint    ▣ Notice

I, the undersigned Affiant, state under oath that
▣ the above-named defendant    ☒    Connecticut Valley Arms
whose last known address is ▣ same as above ▣

1. ▣ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. ▣ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice.

4-2-15
**DATE**

☐ PARTY  ▣ PARTY'S ATTORNEY  ▣ PARTY'S AGENT  ▣ PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of Virginia    ☐ City ☒ County of Pulaski

Acknowledged, subscribed and sworn to before me this day by Timothy E. Ki...

4-2-15
**DATE**

Bonnie Rebecca Meredit

PRINT NAME OF NOTARY

☐ CLERK    ☐ MAGISTRATE    ☒ NOTARY PUBLIC

BONNIE REBECCA MEREDITH
NOTARY PUBLIC
REG. #164614
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES

Notary Registration No. 164614. My commission expires: 7/31/18

▣ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE NAMED COURT.

**CERTIFICATE OF COMPLIANCE**
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On **APR 0 6 2015** , legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On **APR 1 4 2015** , papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

POSTED

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 11/07
VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Commonwealth of Virginia

Case No. **CL14000127-00**

CARROLL COUNTY                                                                 Circuit Court

Charles David King, Jr.        v.        Black Powder Products, Inc., et al.

Dudley Moore, Registered Agent

1685 Boggs Road, Suite 300, Duluth, GA 30096

---

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments: ☑ Summons and Complaint        ☐ Notice ☐

I, the undersigned Affiant, state under oath that
☑ the above-named defendant    ☒        Black Powder Products, Inc.

whose last known address is ☑ same as above ☑

1. ☑ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. ☑ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice.

4-2-15
DATE

☑ PARTY ☑ PARTY'S ATTORNEY ☑ PARTY'S AGENT ☑ PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of Virginia    ☐ City ☒ County of Pulaski

Acknowledged, subscribed and sworn to before me this day by Timothy E. Kirtner
PRINT NAME OF SIGNATORY

4-2-15
DATE

Bonnie Rebecca Meredith

☐ CLERK ☐ MAGISTRATE ☑ NOTARY PUBLIC

Notary Registration No. 164814  My commission expires: 7-13-18

BONNIE REBECCA MEREDITH
NOTARY PUBLIC
REG. # 164814
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 7-31-18

☑ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

---

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:

You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.

SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE NAMED COURT.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On **APR 0 6 2015** _____, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

**APR 1 4 2015**

2. On _____, papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 11/07
VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

POSTED

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**

Case No. CL14000127-00

Commonwealth of Virginia

CARROLL COUNTY _____ Circuit Court

Charles David King, Jr.     v.     D. C. 1980, Inc.

Robert Hickey, Registered Agent

2201 Brooks Farm Trail, Dunwoody, GA 30338

---

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:   ☒ Summons and Complaint     ☒ Notice _____

---

I, the undersigned Affiant, state under oath that

☐ the above-named defendant   ☒   D. C. 1980, Inc.

whose last known address is   ☒ same as above ☒

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).

2. ☒ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice.

4.2.15
DATE

☐ PARTY ☒ PARTY'S ATTORNEY ☐ PARTY'S AGENT ☐ PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of Virginia   ☐ City ☒ County of Pulaski

Acknowledged, subscribed and sworn to before me this day by Timothy E. Kirtner

PRINT NAME OF SIGNATORY

4-2-15
DATE

Bonnie Rebecca Meredith

☐ CLERK ☐ MAGISTRATE ☒ NOTARY PUBLIC

Notary Registration No. 164614   My commission expires: 7-31-18

BONNIE REBECCA MEREDITH
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES

☒ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

---

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:

You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.

SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE NAMED COURT.

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On   APR 0 6 2015  , legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On   APR 1 4 2015  , papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 11/07
VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

POSTED

# AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Commonwealth of Virginia

Case No. CL14000127-00

**CARROLL COUNTY** Circuit Court

Charles David King, Jr.  v.  Sports South, LLC
Markham Allen Dickson, Jr., Registerd Agent
410 Kay Lane, Shreveport, LA 71115

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments: ☒ Summons and Complaint    ☐ Notice

I, the undersigned Affiant, state under oath that
☒ the above-named defendant ☒ Sports South, LLC

whose last known address is ☒ same as above ☒

1. ☒ is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on reverse).
2. ☒ is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice.

4-2-15
DATE

☐ PARTY ☒ PARTY'S ATTORNEY ☐ PARTY'S AGENT ☐ PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of Virginia    ☐ City ☒ County of Pulaski

Acknowledged, subscribed and sworn to before me this day by Timothy E. Kittner

4-2-15
DATE

PRINT NAME OF SIGNATORY

Bonnie Rebecca Meredith

☐ CLERK    ☐ MAGISTRATE    ☒ NOTARY PUBLIC

Notary Registration No. 164614    My commission expires: 7/31/18

BONNIE REBECCA MEREDITH
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES

☒ Verification of the date of filing of the certificate of compliance is requested and a self-addressed stamped envelope is provided.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE THAT THE CERTIFICATE OF COMPLIANCE IS FILED WITH THE ABOVE-NAMED COURT.

## CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On **APR 0 6 2015** , legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On **APR 1 4 2015** , papers described in the Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 11/07
VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51



FedEx Express

FILED CARROLL COUNTY
CIRCUIT COURT
CLERKS OFFICE

2015 MAY -6 PM 3: 55

# Extremely Urgent

## Helping the environment.

When you use envelopes that are part of our FedEx carbon-neutral envelope shipping program, you're helping support sustainable projects like wind farms and reforestation. Our investments in these

## For FedEx Express® Shipments Only

Contents should be compatible with the container and packed so . . . For shipping terms and c . . . our limits of liability . . . FedEx Express . . .



Page 1 of 2

| Insert shipping

From: (540) 772-4200
Kelly Anglim, Legal Assistant
Frith Anderson & Peaks, PC
29 Franklin Rd.

Roanoke, VA 24011

Origin ID: ROAA

FedEx Express

**E**

Ship Date: 05MAY15
ActWgt: 1.0 LB
CAD: 4472066/INET3610

Delivery Address Bar Code

BILL SENDER

SHIP TO: (276) 728-3117
**Carolyn H. Honeycutt, Clerk**
**Carroll County Circuit Court**
**605 PINE ST**

**HILLSVILLE, VA 24343**

Ref #      924.0001
Invoice #
PO #
Dept #

TRK#  **7735 3252 2583**
0201

WED - 06 MAY 4:30P
PRIORITY OVERNIGHT

**24343**
VA-US
**GSO**

# XH INTA



Case 7:15-cv-00212-GEC   Document 9   Filed 05/15/15   Page 108 of 109   Pageid#: 208

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
210 FRANKLIN RD., SW., SUITE 540
ROANOKE, VA 24011

GREENSBORO

FILED CARROLL COUNTY
CIRCUIT COURT 08 MAY '15
CLERKS OFFICE PM 7 L

2015 MAY 12 PM 12: 04



02 1M
0004268481        MAY 08  2015
MAILED FROM ZIP CODE 24011

2434302ı8ı8