IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES DAVID KING, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO.: CL14000127-00 |
| ) | |
| BLACKPOWDER PRODUCTS, ) | |
| INC., ) | |
| ) | |
| and ) | |
| ) | |
| WAL-MART STORES EAST, LP, ) | |

**DEFENDANTS' MOTION FOR SANCTIONS
FOR SPOLIATION OF EVIDENCE**

COME NOW, Defendants Blackpowder Products, Inc. ("BPI") and Wal-Mart Stores East, LP ("Wal-Mart") (collectively "Defendants"), by and through undersigned counsel, and move for sanctions against Plaintiff for spoliation of evidence.

Spoliation is the destruction or material alteration of evidence or the failure to preserve evidence in pending or reasonably foreseeable litigation. *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). Federal law recognizes that a party should not benefit from conduct that creates an inherent unfairness in access to evidence. *Id.* at 593; *Trigon Ins. Co v. U.S.*, 204 F.R.D. 277, 284 (E.D.Va. 2001). Depending on the severity of the prejudice, sanctions for

1

spoliation include dismissing the case, excluding expert testimony, or giving an adverse inference jury charge. *Silvestri*, 271 F.3d at 593; *Trigon Ins. Co*, 204 F.R.D. at 285; *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995).

Plaintiff has so spoliated the most relevant evidence in the case that it has significantly prejudiced Defendants' defense. The gun does not exist in the same condition as it did post-incident. A bullet that was lodged in the barrel post-incident was removed and subsequently lost, the gun was disassembled, the barrel where it ruptured had pieces broken off post-incident, and the powder and bullets purportedly used at the time of the incident, as well as a portion of the ramrod, were lost, all prior to the physical evidence being provided to Defendants. Respectfully, dismissal is warranted, or alternatively that Plaintiff's expert should be excluded. But, at a minimum, Defendants are entitled to an adverse inference jury charge that each piece of altered, lost, or destroyed evidence would have been unfavorable to Plaintiff's case.

This 16th day of May, 2016.

                                                     _/s/ James E. Singer_
                                                   **JAMES E. SINGER**
                                                   (Admitted *Pro Hac Vice*)
                                                   **BOVIS, KYLE, BURCH & MEDLIN, LLC**
                                                   200 Ashford Center North, Suite 00
                                                   Atlanta, GA 30338-2668
                                                   Telephone: (770) 391-9100
                                                   Facsimile:   (770) 668-0878
                                                   jes@boviskyle.com

and

**WALTER H. PEAKE, III**
Virginia Bar No. 26379
**FRITH, ANDERSON & PEAKE, P.C.**
29 Franklin Rd., S.W.
Roanoke, VA 24011
Telephone: (540) 725-3362
Facsimile: (540) 772-9167
wpeake@faplawfirm.com

*Attorneys for Defendants Blackpowder Products, Inc. and Wal-Mart Stores East, LP*

3

# CERTIFICATE OF SERVICE

I hereby certify the foregoing *Defendants' Motion for Sanctions for Spoliation of Evidence* has been served on all counsel via e-mail using the CM/ECF filing system, which will send notification of such filing to the following attorneys of record:

Joseph H. McGrady, Esq.
McGrady & McGrady
127 Mill Street
Hillsville, VA  24343
joseph@mcgradylaw.com

Timothy E. Kirtner, Esq.
Gilmer, Sadler, Ingram, Sutherland & Hutton
P. O. Box 878
Pulaski, VA 24301
tkirtner@gsish.com

This 16th day of May, 2016.

/s/ James E. Singer_____
**JAMES E. SINGER**
(Admitted *Pro Hac Vice*)
**BOVIS, KYLE, BURCH & MEDLIN, LLC**
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Telephone: (770) 391-9100
Facsimile:   (770) 668-0878
jes@boviskyle.com

*One of the Attorneys for Defendants Blackpowder Products, Inc., and Wal-Mart Stores East, LP*

4